UNITED STATES of America,
Plaintiff–Appellee,

v.

Frederick George CELANI,
Defendant–Appellant.

No. 89–2440.

United States Court of Appeals,
Seventh Circuit.

Submitted March 12, 1990 *.

Decided March 23, 1990.

Richard N. Cox, Asst. U.S. Atty., Office of the U.S. Atty., Danville, Ill., for plaintiff-appellee.

Frederick G. Celani, Terminal Island, Cal., defendant-appellant pro se.

Before BAUER, Chief Judge, FLAUM and EASTERBROOK, Circuit Judges.

PER CURIAM.

Frederick George Celani was convicted by a jury on fifteen counts relating to charges of conspiracy to commit racketeering, interstate transportation of property obtained by fraud, mail and wire fraud and racketeering. In addition to receiving a prison sentence, Celani was ordered to make restitution jointly and severally with his co-defendant, Aaron Binder, in the amount of $404,000.

Celani filed a direct criminal appeal from his conviction which this court affirmed in *United States v. Binder*, 794 F.2d 1195 (7th Cir.1986). The Supreme Court of the United States denied Celani's petition for a

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Fed.R. App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal is submitted on the briefs and record.

writ of certiorari on October 6, 1986. *Celani v. United States,* 479 U.S. 869, 107 S.Ct. 234, 93 L.Ed.2d 159 (1986). On January 13, 1987, Celani moved for a reduction of sentence pursuant to former Rule 35(b) of the Federal Rules of Criminal Procedure which was denied. On January 19, 1988, Celani moved to vacate his conviction in a § 2255 proceeding. The district court denied relief, and this court affirmed in an unpublished order dated May 12, 1989. On June 12, 1989, Celani filed a "Motion to Vacate an Illegal Sentence" pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, the subject of this appeal. Celani sought to have the restitution portion of his sentence vacated. The district court denied the motion because it was time barred, and thus the court was without jurisdiction.

Rule 35(a) provides in part: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." "[A]n 'illegal sentence' is one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction does not authorize." *United States v. Plain,* 856 F.2d 913, 918 n. 5 (7th Cir.1988).

▪ Celani argues that the sentence was illegal in two respects, and thus he may act to correct it at any time. Celani first argues that the district court had no authority to impose restitution as part of his sentence. The district court imposed the order of restitution under the authority of the Victim and Witness Protection Act of 1982 (VWPA) which had an effective date of January 1, 1983. *See* 18 U.S.C. §§ 3579–3580. Celani argues that any overt acts or agreements associated with his crimes occurred before January 1, 1983. Celani's argument must fail because his crimes were continuing ones, and while his fraudulent schemes began in January 1981, the evidence showed that numerous acts and statements in furtherance of the conspiracy and fraud were made well into May 1983. *See Binder,* 794 F.2d 1195 (outlining chronology of events in the Celani–Binder scheme). The district court acted within its authority, and the order of restitution did not make the sentence illegal. *See United States v. Barnette,* 800 F.2d 1558, 1571 (11th Cir.1986) (where evidence showed acts in furtherance of conspiracy continued after effective date of VWPA, restitution order was statutorily authorized), *cert. denied,* 480 U.S. 935, 107 S.Ct. 1578, 94 L.Ed.2d 769 (1987). Thus, this does not provide a basis for jurisdiction under Rule 35(a).

▪ Celani also argues that the sentence is illegal because the district court failed to consider his ability to pay and the needs of his family when setting the amount of restitution. Section 3580 of the VWPA is entitled "Procedure for issuing order of restitution" and directs the court to consider the financial resources and needs of the defendant. Celani's argument is that the district court did not follow the prescribed procedure. Such a challenge is to the manner in which the sentence is imposed, not to the legality of the sentence itself. *Cf. United States v. Peden,* 872 F.2d 1303 (7th Cir.1989) (challenge to restitution order on ground that district court failed to consider defendant's ability to make restitution and its impact on his family reviewed for abuse of discretion; contrast illegal sentences which are reviewed *de novo* ); *United States v. Atkinson,* 788 F.2d 900 (2d Cir. 1986) (same); *United States v. Keith,* 754 F.2d 1388 (9th Cir.) (same), *cert. denied,* 474 U.S. 829, 106 S.Ct. 93, 88 L.Ed.2d 76 (1985). Consequently, Celani's motion must have been filed within the time limit specified in Rule 35(b) for the reduction of sentence, that is, within 120 days of the entry of the Supreme Court's order denying review of his judgment of conviction. Celani did not file his motion until two and one-half years after the Supreme Court denied certiorari. Therefore, Celani's motion was not timely filed, and the district court correctly denied the motion for lack of jurisdiction.

AFFIRMED.