**UNITED STATES of America, Plaintiff–Appellee,**

**v.**

**Gregory THOMPSON, aka Scott Wade Morgan, Defendant–Appellant.**

No. 92–10205.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 2, 1992.*

Decided Nov. 9, 1992.

Robert E. Gallinghouse, III, San Diego, Cal., for defendant-appellant.

Janet Lynne Ruth, Asst. U.S. Atty., Phoenix, Ariz., for plaintiff-appellee.

Before: BOOCHEVER, NOONAN and O'SCANNLAIN, Circuit Judges.

BOOCHEVER, Circuit Judge:

Gregory Thompson appeals from an order of the district court denying his motion to correct illegal sentence pursuant to Fed. R.Crim.P. 35(a). Thompson contends that when his sentence was changed from five years imprisonment and five years special parole to two years imprisonment and eight years special parole, the increase in the special parole term was illegal. He also argues that the modified sentence is invalid because he was not personally present when his sentence was changed. Because

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Fed.R.App.P. 34(a), and Ninth Cir.R. 34–4.

we conclude that Thompson's sentence was reduced, it was not illegal and his presence was not required. Accordingly, we affirm.

I

On May 21, 1986, Gregory Thompson pleaded guilty to a charge of importing 480 pounds of marijuana into the United States from the Republic of Mexico in violation of 21 U.S.C. § 952. He was sentenced to five years imprisonment and a special parole term of five years. He did not appeal his conviction or sentence, and he began serving his sentence on December 1, 1986.

On February 9, 1987, Thompson filed a motion for reduction of his sentence pursuant to Fed.R.Crim.P. 35(b), which at the time provided that a defendant could move to reduce his sentence within 120 days after the sentence was imposed. The district court granted the motion on March 16, 1987, and changed Thompson's sentence to a 2–year prison term and an 8–year special parole term.

On April 26, 1991, Thompson filed a motion to correct illegal sentence pursuant to Fed.R.Crim.P. 35(a), which at the time provided that a court may correct an illegal sentence at any time. Appearing *pro se,* Thompson argued that adding three years to his special parole term constituted an illegal increase in his sentence. The district court denied Thompson's motion on March 11, 1992. This appeal was timely filed on March 18, 1992. We have jurisdiction under 28 U.S.C. § 1291. We review the legality of a sentence *de novo. United States v. Turner,* 898 F.2d 705, 708 (9th Cir.), *cert. denied,* 495 U.S. 962, 110 S.Ct. 2574, 109 L.Ed.2d 756 (1990).

II

■ Once a defendant has been sentenced, the sentencing court "may amend [the] sentence so as to mitigate the punishment, but not so as to increase it .... [because] to increase the penalty is to subject the defendant to double punishment for the same offense in violation of the Fifth Amendment." *United States v. Benz,* 282 U.S. 304, 307, 51 S.Ct. 113, 114, 75 L.Ed. 354 (1931). Thompson's first argument on appeal contends that the district court violated the double jeopardy clause by increasing the special parole term portion of his sentence when it reduced his term of incarceration.

In denying Thompson's motion to correct illegal sentence, the district court reasoned that the special parole term was part of a single indivisible sentence imposed by the court, rather than a separable portion of the sentence. Thus the court concluded that Thompson's sentence had not been increased:

> [T]he amended sentence ... effectively reduced the severity of the defendant's sentence by transferring three years of the custodial portion of the sentence to the special parole term portion of it. In other words, defendant remains under the jurisdiction of the attorney general and the parole commission for a period of ten years but the custodial portion of his sentence has been reduced by three years. Any fair reading of what Judge Hardy did can only be characterized as making the defendant's sentence less severe. To contend that the increase in the parole term constitutes an increase in the sentence is to suggest that time served on parole is more severe than that served in custody, a proposition this court finds absurd.

We agree with the reasoning and the conclusion of the district court. During the entire period of the sentence, Thompson will be under the jurisdiction of the Attorney General and the parole commission and will be subject to incarceration. The only change in the sentence was that a portion of it was changed from incarceration to special parole, indisputably a less severe punishment.

Our conclusion is supported by the language of Rule 35(b) as of the dates of Thompson's offense and the district court's granting of his motion for reduction of sentence. The rule stated that "[c]hanging a sentence from a sentence of incarceration to a grant of probation shall constitute a permissible *reduction of sentence* under this subdivision." Fed.R.Crim.P. 35(b) (1987) (emphasis added). Thus an improve-

ment in custodial status from incarceration to parole constitutes a permissible reduction of sentence. *See United States v. Talavera*, 668 F.2d 625, 633 (1st Cir.1981) (change in sentence from 30 years and 3 years special parole to 22 years and 5 years special parole is a reduction in sentence and does not violate double jeopardy since "special parole ... is a clear improvement over imprisonment"), *cert. denied*, 456 U.S. 978, 102 S.Ct. 2245, 72 L.Ed.2d 853 (1982).

Thompson relies primarily on *Kennedy v. United States*, 330 F.2d 26 (9th Cir.1964), for his argument that the valid portions of a sentence are to be viewed as separate and distinct elements, an increase in any one of which constitutes an illegal increase in sentence. *Kennedy*, however, is inapposite to this case. In *Kennedy*, the court had mistakenly sentenced the defendant on certain counts to a 10–year term that exceeded the maximum permissible penalty for those counts. The court had also imposed valid sentences of five years on several other counts, with all sentences to run concurrently. At resentencing, the court reduced the illegal sentences to five years, but ordered that two of the reduced sentences were to run consecutively to the remaining sentences, resulting in an unchanged total term of ten years. *Id.* at 27. This court remanded to the district court with instructions to strike the provision for consecutive sentences. We reasoned that "the court may not increase or make more severe the valid portions of the sentences originally imposed where the prisoner has fully suffered one of the alternative punishments to which alone the law subjected him, ... or where, as here, service of the legal portions of the sentences has commenced." *Id.* Thus *Kennedy* held that a court may not impose an illegal sentence and then, when forced to resentence, maintain the illegal term by increasing an otherwise legal portion. *See United States v. Clutterbuck*, 445 F.2d 839, 840 (9th Cir.) (interpreting *Kennedy* as holding "that where the original sentence was unlawful on account of its being in excess of the statutory limit for the crime ... the court was limited to correcting the original sentence by eliminating the excess that ren-

dered it illegal"), *cert. denied*, 404 U.S. 858, 92 S.Ct. 108, 30 L.Ed.2d 100 (1971).

Thompson's attempted distinction of his special parole term as an unalterable "valid portion" of his sentence relies on *Kennedy* and other cases dealing with sentences that were valid in part and illegal in part. *See United States v. Minor*, 846 F.2d 1184, 1188 (9th Cir.1988); *United States v. Green*, 735 F.2d 1203, 1206 (9th Cir.1984); *United States. v. Henry*, 709 F.2d 298, 308 (5th Cir.1983) (en banc); *United States v. Best*, 571 F.2d 484, 486 (9th Cir.1978) (per curiam); *Sullens v. United States*, 409 F.2d 545, 547 (5th Cir.1969). In this case, by contrast, there was no allegation that any portion of the court's original sentence was illegal; rather, the court discretionally granted Thompson's motion to reduce the severity of his sentence by converting three years of incarceration into three years of special parole.

Finally, we find no language in the Supreme Court's opinion in *Bifulco v. United States*, 447 U.S. 381, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980), to support Thompson's argument that his sentence is illegal. *Bifulco* addressed the issue of whether a statute that authorized punishment "by imprisonment or fine or both" also authorized the imposition of a term of special parole. In holding that special parole was not included within the statute, the Court observed that incarceration and special parole are "functionally distinct." *Id.* at 388, 100 S.Ct. at 2253. Thompson argues that this statement bars any treatment of incarceration and special parole as a "package" in which the diminishment of one part may be offset by a corresponding lengthening of the other. The Court's conclusion that imprisonment and parole are functionally distinct so that one may not be read into a statute providing for the other, however, has no bearing on the issue of whether a court may legally modify a valid sentence by converting a portion from one to the other.

### III

■ In Thompson's second argument on appeal, he contends that the district court

erred in ruling on his motion to reduce his sentence without him being present in violation of Fed.R.Crim.P. 43(a). Because we conclude that Thompson's sentence was reduced by the district court rather than increased, this argument is meritless. *See* Fed.R.Crim.P. 43(c)(4) (defendant need not be present "at a reduction of sentence under Rule 35").

### CONCLUSION

We conclude that the sentencing judge's conversion of three years of Thompson's sentence from imprisonment to special parole in response to Thompson's Rule 35(b) motion did not constitute an illegal increase in sentence under Rule 35(a).

AFFIRMED.