992 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Irvine K. LEITCH, Defendant-Appellant.
 No. 92-50589.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 4, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Irvine K. Leitch appeals his sentence imposed following revocation of probation. He contends the district court lacked jurisdiction to sentence him because the term of probation had expired prior to the time to the alleged violations. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.
 
 
 3
 We review de novo the district court's assumption of jurisdiction. United States v. Daly, 839 F.2d 598, 599-600 (9th Cir.1988).
 
 
 4
 "The interpretation of a sentencing order is governed by the court's intent." United States v. Levitt, 799 F.2d 505, 507 (9th Cir.1986). "A defendant may simultaneously be on parole and probation." United States v. Laughlin, 933 F.2d 786, 789 (9th Cir.1991). "[T]here is a long-standing presumption, when the record is silent, in favor of concurrent sentences when the defendant has been found guilty on two counts and has been sentenced to imprisonment on one count and probation on the other." United States v. Rodriguez, 682 F.2d 827, 829 (9th Cir.1982); cf. United States v. Freeman, 922 F.2d 1393, 1395 (9th Cir.1991) (noting that 18 U.S.C. § 3564(a) (1988), which provides that a sentence of probation imposed after November 1, 1987 is presumed to begin on the date of sentencing unless the district court expressly orders otherwise, codified a rule applicable to sentences imposed before 1987). Release from prison on parole does not end defendant's sentence; rather, a term of parole is a continuation of a defendant's sentence on the underlying offense. See 18 U.S.C. 4210(a) ("A parolee shall remain in the legal custody and under the control of the Attorney General until the expiration of the maximum term or terms for which such parolee was sentenced.") (repealed but applicable to sentences for offenses occurring prior to Nov. 1, 1987); cf. Jones v. Cunningham, 371 U.S. 236, 243 (1962) (paroled state prisoner is still in "custody" of parole officials for purposes of section 2255 motion); United States v. Thompson, 979 F.2d 743, 744 (9th Cir.1992) (imprisonment and parole portions of sentence are to be viewed as part of a "single indivisible sentence," with parole term simply representing less severe punishment).
 
 
 5
 Here, Leitch was charged in 1981 under two separate indictments. The cases were consolidated for jury trial and Leitch was found guilty on all counts. In Case No. 81-1286-N, Leitch was convicted of two counts of receipt of firearms by a convicted felon in violation of 18 U.S.C. 922(h) (Counts 1 and 2), and two counts of possession of destructive devices in violation of 26 U.S.C. § 5861(d) (Counts 3 and 4). In Case No. 81-1392-N, Leitch was convicted of conspiracy to transport in interstate commerce stolen motor vehicles and merchandise in violation of 18 U.S.C. §§ 371, 2312, 2314 (Count 1), interstate transportation of stolen motor vehicles in violation of 18 U.S.C. § 2312 (Count 2), and two counts of interstate transportation of stolen merchandise in violation of 18 U.S.C. § 2314 (Counts 3 and 4).
 
 
 6
 In Case No. 81-1286-N, Leitch was sentenced as follows:
 
 
 7
 [O]n each of counts 1 and 2, concurrently, the defendant is hereby committed to the custody of the Attorney General ... for imprisonment for a period of five (5) years.
 
 
 8
 ... [O]n count 3, concurrently with counts 1 and 2, the defendant is hereby committed to the custody of the Attorney General ... for imprisonment for a period of seven (7) years.
 
 
 9
 ... [O]n count 4 the defendant is hereby committed to the custody of the Attorney General ... for imprisonment for a period of ten (10) years and execution of sentence is suspended and the defendant is placed on probation for a period of five (5) years consecutively to counts 1, 2 and 3.
 
 
 10
 In Case No. 81-1392-N, Leitch was sentenced on each of counts 1-4 to concurrent five-year terms of imprisonment to be served concurrent with the sentence imposed in Case No. 81-1286-N.
 
 
 11
 On April 15, 1986, Leitch was paroled from prison. On July 20, 1989, he successfully completed his parole. On December 18, 1991, an order to show cause was filed against Leitch, charging him with violations of his probation conditions. Leitch contested the district court's jurisdiction to revoke his probation, contending that the five-year term of probation had commenced on the date of his parole from prison, April 15, 1986, and expired on April 15, 1991, prior to the date of the alleged probation violations. Judge Nielsen, who had imposed sentence on Leitch in 1982, denied the motion on March 30, 1992, indicating that the judgment evidenced his intention that probation commence only upon completion of all custody for the counts of conviction for which execution of sentence was not suspended. Leitch then admitted one of the charged probation violations. On August 24, 1992, Leitch's probation was revoked and he was sentenced to a two-year term of imprisonment.
 
 
 12
 We agree with the district court that the 1982 sentencing order was not silent as to when the probationary term was to begin. The order explicitly stated that probation was to be "served consecutively to counts 1, 2 and 3" of Case No. 81-1286-N. The sentence which Leitch was serving on counts 1, 2 and 3 of Case No. 81-1286-N did not end until Leitch successfully completed parole on July 20, 1989. Cf. Jones, 371 U.S. at 243; Thompson, 979 F.2d at 744.[1] Accordingly, Leitch was still on probation on December 18, 1991, when the order to show cause was filed, and the district court had jurisdiction to revoke his probation.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This case is factually distinguishable from United States v. Carter, 827 F.2d 546 (9th Cir.1987), upon which Leitch relies. In Carter, the defendant was sentenced to consecutive terms of imprisonment. Carter argued that his second consecutive term of imprisonment and its attendant term of probation could not begin until after he completed his parole on the first sentence. Id. at 547. In rejecting this argument, the Carter court pointed out that the confinement portion of consecutive sentences must be served before a prisoner is released on parole. Id. Based on this reasoning, the Carter court held that in the absence of a statement in the judgment to the contrary, Carter's probation on the second sentence commenced at the same time as the incarceration portion of that sentence and that it continued to run concurrently with Carter's subsequent release from prison on parole from the first sentence. Id. at 548