993 F.2d 885
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ronald John COPSEY, Defendant-Appellant.
 No. 92-30060.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 3, 1993.*
Decided May 21, 1993.
 
 1
 Appeal from the United States District Court for the District of Oregon; No. CR-88-52-MEM, Malcolm F. Marsh, District Judge, Presiding.
 
 
 2
 Before PREGERSON, KLEINFELD, Circuit Judges and LEGGE, District Judge.**
 
 
 3
 MEMORANDUM***
 
 
 4
 Ronald Copsey pled guilty to attempting to manufacture methamphetamine, and, under the pre-Guideline statutes, received a sentence of nine years followed by a special parole term of three years. Copsey then filed a motion to correct his sentence under Rules 35 and 36 of the Federal Rules of Criminal Procedure. He argued that he had not received proper credit for time served, and that an intervening Supreme Court holding had required that he receive a supervised release term instead of special parole term. The district court agreed with the latter claim, and substituted a term of supervised release in place of the special parole term. The court stipulated that, as a condition of his supervised release, Copsey would have to participate in a substance abuse program and submit to urinalysis testing as instructed by the probation officer. The court rejected Copsey's argument concerning credit for time served. Copsey appeals, arguing that: (1) he had a right to be present when the district court added the special conditions to his supervised release term, and (2) the district court erred in denying his request for time served.
 
 Condition of Supervised Release
 
 5
 Copsey challenges the special conditions that the district court imposed on his supervised release, namely that he enroll in a drug abuse program and submit to urinalysis testing. Specifically, he contends that, with these conditions, the corrected sentence was more onerous than the original sentence. Hence, Copsey argues that under Rule 43 of the Federal Rules of Criminal Procedure he had a right to be present when the court imposed the additional sentence.
 
 
 6
 Rule 43 requires a defendant to be present at the "imposition of sentence," but provides for an exception where there is a "reduction of sentence under [Fed.R.Crim.Proc.] 35." Copsey asked for the substitution of supervised release for special parole pursuant to Gozlon-Peretz v. United States, 498 U.S. 395 (1991), and does not challenge this substitution on appeal. A supervised release term might end in one year, 18 U.S.C. § 3583(e)(1), while special parole would last three. 21 U.S.C. § 841(b)(1)(A). His argument goes only to the conditions the judge imposed, that he participate in a substance abuse program and submit to urinalysis. These conditions did not make the supervised release term more onerous than the special parole term. Hence, his presence was not required when the judge made the order correcting the sentence.
 
 
 7
 The Parole Commission rather than the court sets the conditions for special parole, 18 U.S.C. § 4209(a) (repealed 1987, but continued for five years for offenses committed before), and in doing so requires that a defendant not possess illegal controlled substances. Id. When supervised release has replaced special parole, 18 U.S.C. § 3583(d), the district court rather than the Parole Commission is required to impose the conditions and likewise is required to order Copsey not to possess illegal drugs. The judge also has authority to issue other appropriate conditions. Id. The imposition of the condition requiring urinalysis in this case merely reflects a shift from the Parole Commission to the district court of the authority to impose conditions. In the context of the correction of sentence requested by the Copsey, the condition was a means of assuring Copsey's compliance with the mandatory condition of no possession of illegal drugs, not an additional deprivation of liberty. Hence, the defendant's presence was not required under Rule 43. United States v. Thompson, 979 F.2d 743 (9th Cir.1992).
 
 
 8
 Copsey also argues that the imposition of these conditions raises a presumption of judicial vindictiveness under North Carolina v. Pearce, 395 U.S. 711, 725 (1969). But here there is no " 'reasonable likelihood' that the increase in the sentence is the product of actual vindictiveness." Alabama v. Smith, 490 U.S. 794, 799 (1989) ( quoting United States v. Goodwin, 457 U.S. 368, 374 (1982)).
 
 Credit for Time Served
 
 9
 Copsey was being held in state prison on unrelated charges at the time he was tried. He argues that he should have received credit for this time served because the lodging of a federal detainer prevented his release on bail from state prison. We do not reach the merits of this claim because the Attorney General, not the sentencing court, computes the credit that a prisoner receives for time served. United States v. Wilson, 112 S.Ct. 1351 (1992).[1]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 The Honorable Charles A. Legge, United States District Judge for the Northern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Before Wilson, we had concluded that the Attorney General and the district court were to have concurrent authority to grant credit for time served. United States v. Chalker, 915 F.2d 1254, 1258 (9th Cir.1990). But Wilson overrules Chalker. United States v. Hunter, 985 F.2d 1003, 1008 (9th Cir.1993) amended --- F.2d ----, 1993 WL 54327