70 F.3d 117
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tim RECTOR, Defendant-Appellant.
 No. 94-3741.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 2, 1995.*
Decided Nov. 2, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Dec. 15, 1995.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 In 1989, a jury convicted Tim Rector of multiple counts of conspiracy to distribute and possession with intent to distribute marijuana in violation of 21 U.S.C. Sec. 846 and 21 U.S.C. Sec. 841(a)(1). We affirmed that conviction on direct appeal but remanded for resentencing on questions of special parole and supervised release. See United States v. Paiz, 905 F.2d 1014 (7th Cir.1990), cert. denied, 499 U.S. 924 (1991). Rector then moved for a reduction in his sentence pursuant to 28 U.S.C. Sec. 2255, raising various jurisdictional challenges to his sentence. The district court denied relief and we affirmed that decision in an unpublished order. See Rector v. United States, No. 92-3530 (7th Cir. Oct. 14, 1993). Rector then moved pursuant to Fed.R.Crim.P. 35(a)[1] challenging the legality of his pre-Guidelines sentence. Because Rector is proceeding pro-se, we will read his brief liberally. Bagola v. Kindt, 39 F.3d 779, 780-81 (7th Cir.1994). We review the denial of a Rule 35(a) motion de novo. United States v. Thompson, 979 F.2d 743, 744 (9th Cir.1992).
 
 
 2
 The sole issue on appeal is whether the sentencing court inappropriately considered a mandatory minimum sentence on count three. Count three charged Rector with conspiracy to distribute marijuana in violation of 21 U.S.C. Sec. 846. At that time, section 846 provided:
 
 
 3
 Any person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or fine or both which may not exceed the maximum punishment prescribed for the offense, the commission of which was the object of the attempt or conspiracy.
 
 
 4
 Section 846 authorized a fine and a maximum punishment, and limited the fine and punishment by referring to the object of the conspiracy. It did not mention special parole or a mandatory minimum sentence. The Supreme Court interpreted this silence as prohibiting a sentencing court from imposing a term of special parole for conspiracy convictions under Sec. 846. Bifulco v. United States, 447 U.S. 381, 398, 100 S.Ct. 2247, 2258 (1980).[2] "Thereafter, courts routinely vacated terms of special parole and mandatory minimum penalties from the sentences of defendants convicted specifically on a Sec. 846 conspiracy count." United States v. McNeese, 901 F.2d 585, 602 (7th Cir.1990). The general rule which has evolved holds that Sec. 846 does not authorize mandatory minimum sentences. See id. (collecting cases); but see footnote 2 (Congress amended Sec. 846 to allow for mandatory minimum sentences).
 
 
 5
 Rector contends that the district court imposed a mandatory minimum sentence on count three in violation of Bifulco. Specifically, Rector contends that because the penalty prescribed in 21 U.S.C. Sec. 841(b) mandated a minimum sentence of five years, the sentencing court was unable to comply with Bifulco. This argument misunderstands Sec. 846. Section 846 does not incorporate wholly the penalties from the object of the conspiracy, in this case Sec. 841(b), but limits the maximum penalty by referring to the maximum penalty prescribed by the object of the conspiracy. Here, Sec. 841(b) prescribed a maximum penalty of 40 years of imprisonment and a $2,000,000 fine. 21 U.S.C. Sec. 841(b)(1)(B). The district court sentenced Rector to 30 years of imprisonment and ordered him to pay a $100,000 fine. No mention was made of a mandatory minimum sentence, and the record contains no evidence that the district court sentenced Rector to a mandatory minimum sentence for count three. We conclude that the sentencing court properly followed Bifulco by not considering a mandatory minimum sentence in determining Rector's sentence for count three.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [1]
 Rector's case is governed by the rules applicable to offenses committed prior to November 1, 1987, or before United States Sentencing Guidelines took effect. See United States v. Corbitt, 13 F.3d 207, 211 (7th Cir.1993). Old Rule 35(a) permits a sentencing court to "correct an illegal sentence at any time and ... correct a sentence imposed in an illegal manner within [120 days of sentencing, affirmance or denial of certiorari]." Fed.R.Crim.P. 35(a). A sentence is illegal if it is "ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction does not authorize." United States v. Celani, 898 F.2d 543, 544 (7th Cir.1990)
 
 
 [2]
 In 1988, Congress amended Sec. 846 to provide that a person convicted of conspiracy is subject to "the same penalties as those prescribed for the offense." 21 U.S.C. Sec. 846