165 F.3d 33
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Ronald SMITH, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 98-1194.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 29, 1998*.
Decided Nov. 2, 1998.
 
 Appeal from the United States District Court for the Southern District of Illinois. No. 90 CR 40017. James L. Foreman, Judge.
 Before Hon. RICHARD A. POSNER, Hon. JOHN L. COFFEY, Hon. DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Ronald Smith of conspiracy to distribute more than 100 kilograms of marijuana from January 1978 to June 1987, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced to 28 years' imprisonment. This court affirmed Smith's conviction and sentence on appeal. United States v. Smith, 995 F.2d 662 (7th Cir.1993). Smith now appeals the district court's denial of his Motion to Correct Illegal Sentence Pursuant to Federal Rule of Criminal Procedure 35(a).[1] We affirm.
 
 
 2
 Smith claims that the 28-year sentence imposed was not within the sentencing limits Congress intended when it enacted 21 U.S.C. § 846 in 1970. Section 846, from its enactment through the commission of Smith's offense and sentence, provided that "[a]ny person who attempts or conspires to commit any offense defined in this subchapter is punishable by imprisonment or a fine or both which may not exceed the maximum punishment prescribed for the offense." The punishment prescribed for the offenses that are the object of the attempt or conspiracy are set forth in 21 U.S.C. § 841. Smith argues that, although the maximum sentencing limits set forth in § 841 were increased through periodic amendments prior to his sentencing, § 846 was not amended until 1988. Smith therefore concludes that the amendment of § 841, but not of § 846, created ambiguity in the statutes that must be resolved under the "rule of lenity." See Bifulco v. United States, 447 U.S. 381, 387, 100 S.Ct. 2247, 65 L.Ed.2d 205 (1980). Smith contends that, under this rule of construction, his sentence should not exceed the five-year maximum imprisonment term prescribed by § 841 when § 841 and § 846 first were enacted in 1970.
 
 
 3
 Under the applicable version of Rule 35(a), a district court "may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." We review the imposition of an illegal sentence de novo. United States v. Celani, 898 F.2d 543, 544 (7th Cir.1990). An "illegal sentence" is one which is unauthorized by the judgment of conviction. Id.
 
 
 4
 Smith's 28-year sentence, however, is well within the sentencing range prescribed by the applicable penalty provision, § 841(b)(1)(B)(vii), which was in effect during the commission of his offense and his sentencing. See United States v. Duprey, 895 F.2d 303, 311 (7th Cir.1989) (the sentencing enhancement provisions took effect on October 27, 1986). This section provides that a person convicted of an offense involving 100 kilograms or more of a substance containing marijuana "shall be sentenced to a term of imprisonment which may not be less than 5 years and not more than 40 years." 21 U.S.C. § 841(b)(1)(B)(vii). Under the clear language of § 846 at the time of his offense and sentencing, Smith was punishable by imprisonment not to exceed the maximum punishment set forth in § 841. Because he was sentenced to 28 years' imprisonment, Smith's sentence is within the applicable range and is not illegal.
 
 
 5
 Contrary to Smith's assertion, the language of § 846 is not ambiguous. A statute must be ambiguous before a court may apply the "rule of lenity" Smith suggests. Bifulco, 447 U.S. at 387. "The rule of lenity ... is not applicable unless there is a 'grievous ambiguity or uncertainty in the language and structure of the Act' ... such that even after a court has 'seize[d] every thing from which aid can be derived,' it is still 'left with an ambiguous statute." ' Chapman v. United States, 500 U.S. 453, 463, 111 S.Ct. 1919, 114 L.Ed.2d 524 (1991) (internal citations omitted). Smith relies on cases which have found the language of § 846 ambiguous in very different contexts. In Bifulco, the Supreme Court found the statute ambiguous with respect to whether a special parole term was authorized under § 846, which provided only for "imprisonment" or a "fine." The Court accordingly applied the rule of lenity and held that § 846 did not incorporate this type of punishment. Courts subsequently applied this reasoning to find that § 846 did not prescribe a mandatory minimum sentence. See United States v. McNeese, 901 F.2d 585, 602 (7th Cir.1990) (collecting cases). In contrast, § 846 clearly provides that a person can be sentenced to an imprisonment term not exceeding that for the offense that is the object of the conspiracy. Because a straightforward reading of § 846 produces a clear and just result, the judicial inquiry into the statute's meaning is finished, and we need not resort to the rule of lenity. See Metropolitan Stevedore Co. v. Rambo, 515 U.S. 291, 295, 115 S.Ct. 2144, 132 L.Ed.2d 226 (1995); Chapman, 500 U.S. at 463.
 
 
 6
 We therefore AFFIRM the judgment of the district court.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and record. See Fed. R.App. P. 34(a), Cir. R. 34(f)
 
 
 [1]
 Because Smith committed his offense before November 1, 1987, his case is governed by the 1985 version of Rule 35(a). United States v. Wolf, 90 F.3d 191, 192 n. 1 (7th Cir.1996). All references to Rule 35(a) in this order, therefore, are to the 1985 version of the rule