Robert Eugene **KENNEDY**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 18927.

United States Court of Appeals
Ninth Circuit.

April 1, 1964.

Richard H. Muller, Portland, Or., for appellant.

Sidney I. Lezak, U. S. Atty., and Jack G. Collins, Asst. U. S. Atty., Portland, Or., for appellee.

Before JERTBERG, MERRILL and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge:

Before us is an appeal from a denial of a motion made by the appellant to the court below "to Vacate and/or Set aside sentence, Title 28, Sec. 2255, U.S.C." The District Court treated the motion as one made pursuant to Rule 35, Federal Rules of Criminal Procedure, to correct an illegal sentence.

On September 13, 1962 appellant entered a plea of guilty to a two-count Oregon indictment charging him with forging and uttering a Postal money order in violation of 18 U.S.C. § 500. He was committed to the custody of the United States Attorney General for observation and study pursuant to 18 U.S.C. § 5010(e). During January of 1963, with appellant's consent, five cases pending against him in other judicial districts were transferred to Oregon under Rule 20, Federal Rules of Criminal Procedure. There were two cases from the District of Nebraska, one charging him with uttering a forged money order and the other charging him with breaking and entering a Post Office with intent to commit larceny, in violation of 18 U.S.C. § 2115. Two more cases charging violation of 18 U.S.C. § 2115 were transferred from the Districts of Oklahoma and Colorado; and one case charging violation of the Dyer Act was transferred from the District of Missouri.

On February 13, 1963, on appellant's plea of guilty, judgments of conviction were entered in all Rule 20 cases, and on that day he was sentenced on all of these

as well as the Oregon case. The sentence was for five years imprisonment on the Dyer Act count and on each of the forgery counts, and ten years on each of the breaking and entering counts, all sentences to run concurrently and not consecutively,—a total term of ten years.

After serving two months on each of the six separate sentences, appellant called the sentencing court's attention to the fact that the maximum penalty for breaking and entering a Post Office with intent to commit larceny was five years rather than ten years, as provided in 18 U.S.C. § 2115. Thereupon the District Court ordered the appearance of appellant for correction of sentence. On April 10, 1963 the court entered its order vacating and setting aside the sentences imposed in the breaking and entering cases and imposed new sentences of five years on each of these counts. The court ordered that one of the new five year sentences was to run concurrently with the undisturbed sentences under the Dyer Act count and forgery counts; and that two of the new sentences were to run consecutively to the others. The court directed that credit of two months be allowed the appellant, and that the timing of the new sentences be deemed to have commenced on the date of original sentencing. The court stated when the original sentences were imposed he intended to sentence petitioner to a total term of ten years, regardless of whether the counts carried a maximum term of ten years or only five years.

In June of 1963 appellant filed his motion to vacate the two sentences which were to run consecutively to the others. The court treated the motion as having been made under Rule 35 of the Federal Rules of Criminal Procedure, but denied relief. The parties agree that the motion was properly treated as a Rule 35 motion under the authority of Duggins v. United States, 240 F.2d 479 (6th Cir., 1957).

The District Court was of the view that the excessive sentences were absolutely void and that at the time of resentencing appellant stood before the court as for the first time. Viewing appellant's status in such manner, the court held that "the resentencing of Kennedy did not involve double punishment or more severe punishment. It merely made the original sentence effective by correcting its form."

This Circuit has not had occasion to pass upon the question presented in the posture presented by this appeal.

██ The initial sentences imposed for the breaking and entering counts were not absolutely void but were void only as to the illegal or excessive portions thereof. Ex parte Lange, 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 (1874); In re Bonner, 151 U.S. 242, 258, 14 S.Ct. 323, 38 L.Ed. 149 (1893); United States v. Pridgeon, 153 U.S. 48, 62, 14 S.Ct. 746, 38 L.Ed. 631 (1893); Demaurez v. Squier, 121 F.2d 960 (9th Cir. 1941); Crowe v. United States, 200 F.2d 526 (6th Cir. 1952); Duggins, supra. Five year terms and their concurrent running were the lawful portions of the initial sentences; only the excess of five years in each sentence was illegal. In this situation, the excessive sentences are to be corrected, not by absolute discharge of the prisoner, but by an appropriate amendment of the invalid sentence by the court of original jurisdiction. Bozza v. United States, 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947). But the court may not increase or make more severe the valid portions of the sentences originally imposed where the prisoner has fully suffered one of the alternative punishments to which alone the law subjected him, Ex parte Lange, supra, or where, as here, service of the legal portions of the sentences has commenced. United States v. Benz, 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1930); Wilson v. Bell, 137 F.2d 716 (6th Cir. 1943); Crowe v. United States, supra; United States v. Chiarella, 214 F.2d 838 (2d Cir. 1954); Tatum v. United States, 114 U.S. App.D.C. 49, 310 F.2d 854 (1962).

Since the concurrent running of the sentences first imposed was a valid portion of those sentences, the change there-

of to consecutive running clearly increased petitioner's punishment. United States v. Crowe, supra; United States v. Chiarella, supra; Duggins v. United States, supra.

It is appellee's contention that: "The District Court's intention to impose a term of imprisonment of ten years should not be avoided through a mistake in the form of the sentence." Appellee derives this proposition from language employed in cases to refute the suggestion that an imperfect sentence requires the absolute discharge of a prisoner. Bozza v. United States, supra; In re Bonner, supra. On the other hand, appellee's contention has been rejected in cases more pertinent.

In Miller v. United States, 147 F.2d 372 (2d Cir. 1945), the prisoner was convicted on each of two counts which, it was held, constituted but one offense. The sentences had been ordered to run consecutively. The government argued that although one of the sentences was invalid, the statutory maximum was such that the court could have imposed the same total term of years upon the valid count, and that a resentencing should be permitted to accomplish this result. The court held, 147 F.2d at 374:

> "In this situation, it is quite plain that because the court could have imposed on one count a sentence equal to the consecutive sentences he imposed on the two, the matter may not be treated as though he had done so."

The converse of that case was presented in Ekberg v. United States, 167 F.2d 380 (1st Cir. 1948), where one count of an indictment was held to have been insufficient to charge an offense, and that a sentence thereunder was illegal. It was held, on authority of the Miller case, 167 F.2d at 388:

> "But it is quite plain that merely because the trial judge could have imposed consecutive sentences on counts 2 and 3 equal to the aggregate sentences which he actually imposed in invalid count 1 and valid counts 2 and 3, 'the matter may not

be treated as though he had done so.' [citing Miller]. The concurrent sentences on counts 2 and 3 were valid as originally imposed. * * * It would trench upon the double jeopardy clause if appellant were now faced with the possibility of an increase of the sentences imposed upon counts 2 and 3. [Citing Ex parte Lange and other cases.]"

Finally, in Duggins v. United States, supra, a case in the same posture and involving the same situation as the instant one, the court held:

> "The fact that the District Judge could have imposed consecutive sentences with a resulting total equaling the illegal sentence of ten years which was given, does not permit the matter to be treated as though he had done so. Ekberg v. United States, 1 Cir., 167 F.2d 380, 388, Miller v. United States, 2 Cir., 147 F.2d 372, 374."

In denying appellant's motion to correct sentence, the District Court relied upon Kitt v. United States, 138 F.2d 842 (4th Cir. 1943), and Phillips v. Biddle, 15 F.2d 40 (8th Cir. 1926).

In Kitt, appellant was convicted on four counts of violating the Internal Revenue Code, and was sentenced to four years each on three counts, and two years on the fourth count, all to run concurrently. On appeal by appellant to the Circuit Court, that court determined the maximum penalty on each count to be two years [132 F.2d 920 (4th Cir. 1942)]. The court remanded the case to the District Court with direction that appellant be resentenced. On remand the District Court adjudged that Kitt be "imprisoned for a term of two years and fined the sum of $200 on each of the First, Second and Third Counts of the indictment, the sentence under Count 2 to run consecutively and not concurrently with the sentences imposed under Counts 1 and 3, and the sentence imposed under Count 3 to run concurrently and not consecutively with the sentences imposed under Count 1." The result was that the

maximum period of imprisonment was the same under both the resentencing and the original sentence. Kitt appealed from the order of resentencing.

On that appeal the United States contended that "when the Appellate Court referred the case back for resentencing the Trial Court was not restricted by the terms of the prior sentences but instead could impose such sentences as were within the law as if no prior sentences had been imposed." Such contention was upheld by the circuit court [138 F.2d 842, supra].

We believe the Kitt case is distinguishable. On the first appeal, in Kitt, instead of revising the sentence by reducing the term of imprisonment to one within the statutory limits, as the Appellate Court might have done, and affirming that part of the judgment, it remanded the case for an entirely new sentence. As stated in United States v. Chiarella, supra, 214 F.2d at page 842:

"That did away with the original sentences and so it was held on the second appeal that the district court might resentence by imposing any sentence which could lawfully have been imposed originally."

In the instant case the original sentences were imposed by the District Court and the same court did the resentencing without any mandate from an Appellate Court. See also Murphy v. Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711 (1900) which also involved resentencing by a Superior Court of the State of Massachusetts following reversal of the original sentence by the Supreme Judicial Court of Massachusetts of the sentence originally imposed.

In Phillips v. Biddle, supra, the defendant was convicted on ten counts of mail bag theft and on an eleventh count of theft of contents. He was sentenced to seven years on each of the first ten counts, to be served concurrently, and a sentence of five years under Count 11 to run consecutively to the others—"making 12 years imprisonment in all." Defendant filed a writ of habeas corpus in the United States District Court, which the District Court dismissed. On appeal from the order of dismissal the defendant contended that the sentences on the first ten counts were excessive beyond the three year maximum authorized by law, and that the sentence under Count 11 must be construed as concurrent with the other sentences. The writ of habeas corpus was filed on the date the petitioner would have been entitled to release under the valid portion of excessive sentences, with allowance for good behavior. On appeal the Appellate Court held that since the sentencing court could easily have accomplished its original intention regarding the total term of imprisonment by so arranging the sentences that some of them should run consecutively, habeas corpus relief should be denied and the case should be returned to the District Court for resentencing.

We agree that the Phillips case supports the view taken by the District Court. We believe the Phillips case was wrongly decided. The principles of Ex parte Lange, supra, and the cases following it were not mentioned in the Phillips decision. The Miller, Ekberg, Chiarella and Duggins cases are more recent than Phillips and such courts apparently declined to follow Phillips.

Also to be distinguished from the instant case are cases in which the original sentence was for less than the statutory minimum. Such sentences are entirely void and a correction thereof to comply with the statute does not increase a valid sentence. Bozza v. United States, supra; Mathes v. United States, 254 F.2d 938 (9th Cir. 1958).

In our view the result in Phillips is incongruous with the principles developed from Ex parte Lange and the current status of the law.

We choose to adopt the views expressed in the Duggins case.

The cause is remanded to the District Court with instructions to correct the sentences imposed in the two breaking and entering cases which provided that

such sentences were to run consecutively to the others, by striking therefrom the provision that said two sentences were to run consecutively to the other sentences imposed.