UNITED STATES of America, Appellee,

v.

**Orville K. BEST, Appellant.**

**No. 77–3142.**

United States Court of Appeals, Ninth Circuit.

March 3, 1978.

David M. Ochoa, Asst. Fed. Public Defender, Phoenix, Ariz., for appellant.

Daniel R. Drake, Asst. U. S. Atty., Phoenix, Ariz., for appellee.

Before HUFSTEDLER, SNEED and KENNEDY, Circuit Judges.

PER CURIAM:

Best entered a plea of guilty to a three count information charging him with aiding and abetting aliens to elude examination and inspection in violation of 8 U.S.C. § 1325(2) and 18 U.S.C. § 2. He was sentenced to a term of six months imprisonment on each of the three counts, said sentences to run concurrently. A three-year probationary term was added on top of the prison term. After he had been in jail for almost five months the appellant filed a motion under Rule 35, Fed.R.Crim.P., to correct excessive sentence, arguing that since the maximum sentence on each count was six months in prison, the three six-month jail terms represented the maximum possible penalty and therefore the additional probation term was excessive and illegal. The district court granted the motion to

correct sentence and resentenced Best to six months imprisonment on Count One and three years probation on Counts Two and Three, said sentences of probation to run concurrently to each other but consecutive to the jail term. Appellant argues that the corrected sentence increased his punishment and thereby violated the double jeopardy clause. We agree and remand for resentencing.

 It is well established that the double jeopardy clause prevents subsequent increases in punishment as well as repeated prosecutions. *Ex Parte Lange,* 85 U.S. (18 Wall.) 163, 21 L.Ed. 872 (1874); *United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1930). Following this principle, this circuit has held that a court in resentencing after a Rule 35 motion "may not increase or make more severe the valid portion of the sentence originally imposed where . . . service of the legal portions of the sentences have commenced." *Kennedy v. United States,* 330 F.2d 26, 27 (9th Cir. 1964).[1]

 The *Kennedy* court also held that "since the concurrent running of the sentences first imposed was a valid portion of those sentences, the change thereof to consecutive running clearly increased petitioners punishment." *Kennedy, supra* at 27–28. Such an increase occurred here. We begin, as we must, with recognizing the invalidity of the probation term. It was an illegal sentence. The concurrent six-month imprisonment sentences were legal and valid. Service with respect to each had commenced. To change the sentences so as to incorporate the illegal probation term in another manner increases the punishment. This conclusion is not altered by the fact that the sentences with respect to counts Two and Three were changed from imprisonment to probation.

 We recognize that the district court judge could have lawfully imposed the disputed sentences at the time of initial sentencing. However, we refuse to sanction a broad rule which would allow a sentence to be changed to conform with the original intention of the sentencing judge. Such a rule would present too great a potential for abuse. *Accord, United States v. Sacco,* 367 F.2d 368 (2d Cir. 1966); *Chandler v. United States,* 468 F.2d 834 (5th Cir. 1972).

 We do not find that the decision in *United States v. Stevens,* 548 F.2d 1360 (9th Cir. 1977) mandates an opposite conclusion here. In that case the court was allowed to increase the sentence originally given in order to comply with Rule 11(e), Fed.R. Crim.P., which requires that the judge must give the sentence provided for in the plea bargain. In that special situation a correction of sentence is necessary to impose the legally required sentence.[2] It is one thing to increase a sentence to make it conform to that specifically required by law; it is quite another to attempt to impose in a lawful manner, by means of a correction of the prior sentence, that portion of the prior sentence which as originally imposed was excessive. Equal treatment of defendants requires the former; double jeopardy precludes the latter.[3]

---

1. We recognize that where a sentence less than the statutory minimum is given, that sentence can be increased without violating the double jeopardy clause. *Bozza v. United States,* 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed. 818 (1947); *United States v. Kenyon,* 519 F.2d 1229 (9th Cir. 1975). This circuit has already noted the different factual situations to which the *Kennedy* and *Bozza* rules apply and has accepted each as valid. *United States v. Stevens,* 548 F.2d 1360 (9th Cir. 1977).

2. This is analogous to the *Bozza* situation discussed in footnote 1.

3. Nor do we regard *United States v. Garrett,* 565 F.2d 1065 (1977) as inconsistent with our conclusion here. In *Garrett* the defendant received an enhanced sentence as a second offender pursuant to 21 U.S.C. § 841(b)(1)(A), but the district court failed to comply with the provision of that section requiring that the defendant be given the opportunity to deny that he had been previously convicted. In this situation the court treated the entire sentence as invalid *ab initio.* Since no sentence was ever validly imposed, the double jeopardy clause does not preclude another attempt to impose sentence.

We remand to the district court for a resentencing in which the valid portions of the original sentence are retained and the excessive portions eliminated.