UNITED STATES of America, Plaintiff–Appellee,

v.

Jose Leonardo CONTRERAS–SUBIAS, Defendant–Appellant.

No. 92–50722.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 1993.

Decided Jan. 7, 1994.

1342

Nicholas De Pento, San Diego, CA, for defendant-appellant.

Warren P. Reese, Asst. U.S. Atty., San Diego, CA, for plaintiff-appellee.

Before FLETCHER and D.W. NELSON, Circuit Judges, and WILL,* Senior District Judge.

FLETCHER, Circuit Judge:

Contreras–Subias pled guilty to possession of marijuana with intent to distribute and money laundering. Due to a mistake in the phrasing of his plea agreement and in the sentence based on it, his prison term as worded was to run both *concurrently with* and *consecutively to* another federal sentence he was already serving. The clear intention of the plea agreement and the sentencing judge was that the new sentence run consecutive to the old sentences. Contreras–Subias moved for correction, asking that the "consecutive" provisions be vacated. The district court corrected the sentence by deleting the "concurrent" provisions, which resulted in a total prison term equal to that specified in the plea agreement. Contreras–Subias timely appeals the district court's correction of his sentence.

---

* Honorable Hubert L. Will, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

## BACKGROUND

On October 29, 1990, Contreras–Subias pled guilty to charges of conspiracy to possess marijuana with intent to distribute (21 U.S.C. § 846) and money laundering (18 U.S.C. § 1956(a)(1)(B)(i)). At that time, he was already serving sentences for convictions in other districts, as follows:

1) Central District of California: Ten-year term (imposed 8/88).
2) Central District of California: Three-year term, consecutive to term 1) (imposed 12/88).
3) District of Utah: Five-year term, concurrent with term 1) (imposed 8/89).
4) Eastern District of Oklahoma: Fifteen-year term, concurrent with terms 1) and 2) (imposed 6/89).

The plea agreement specifically contemplated a sentence which would, when combined with these preexisting sentences, "produc[e] the effect of a term of 30 years measured from April 1, 1988."[1] This was to be achieved by giving Contreras–Subias a 14–year, 3–month term to be served consecutive to the 15–year term he was already serving for the Oklahoma conviction.[2]

However, the language used in the plea agreement, and in the district court's December 10, 1990 judgment and commitment order, specified not only that the sentence be *consecutive* to the Oklahoma term, but also that it be *concurrent* to terms Contreras–Subias was serving for convictions in the Central District of California and the District of Utah, *themselves concurrent to the Oklahoma term.*[3] In effect, then, Contreras–Subias would have to serve the December 10 sentence twice: beginning immediately, as a concurrent term to the California and Utah

sentences; and then again, as a consecutive term to the Oklahoma sentence.

Contreras–Subias filed a motion to correct this sentence on the grounds that it violated the constitutional prohibition against double jeopardy. He argued that the proper remedy was to delete the "consecutive with the Oklahoma sentence" provision, thus drastically reducing his total jail time. The district court agreed that the sentence was illegal, but rejected Contreras–Subias' suggestion as to the proper correction. Finding that "the entire sentence is invalid" due to "internal inconsistency," Order of July 8, 1992 at 4, the court resentenced the defendant to a 14–year, 3–month term which was to run consecutive to the Oklahoma term, but not concurrently with the other terms. This resulted in a total jail term of 30 years, as specified in the plea agreement.

## DISCUSSION

■ Contreras–Subias argues that the district court's sentence correction exceeded its authority under Fed.R.Crim.P. 35, and violated the Double Jeopardy Clause of the United States Constitution. He also argues that even if the district court did not err in deleting the concurrent portion of his sentence, he is entitled to credit for the time he has served under it. These arguments present issues of constitutional and statutory interpretation, which we review de novo. *United States v. Kinsey,* 994 F.2d 699, 702 (9th Cir.1993); *United States v. Stump,* 914 F.2d 170, 172 (9th Cir.1990).

I. *The District Court's Authority to Correct Sentences*

■ The relevant version of Rule 35(a)[4] provides that "[t]he court may correct an illegal sentence at any time." Fed.R.Crim.P.

1. The date of defendant's first arrest, in Salt Lake City.

2. The 9 months needed to effect the 30–year term is the time Contreras–Subias spent in custody between his arrest and first conviction.

3. At oral argument the parties agreed that the "concurrent" language had been inserted, at defense counsel's request, during an earlier stage of

the plea negotiations, and that the parties had not realized, once their negotiations became a final agreement, that the language resulted in a self-contradictory sentence.

4. The offenses to which Contreras–Subias pled guilty were committed before the United States Sentencing Guidelines became effective; the pre–1987 version of Rule 35 thus applies.

35(a). A sentence that is "so ambiguous that it fails to reveal its meaning 'with fair certainty' " is illegal. *United States v. Alverson,* 666 F.2d 341, 348 (9th Cir.1982) (quoting *United States v. Daugherty,* 269 U.S. 360, 363, 46 S.Ct. 156, 157, 70 L.Ed. 309 (1926)). Contreras–Subias' sentence, because it required him to serve the same sentences both concurrently and consecutively to each other, was so ambiguous as to be illegal. The district court was therefore authorized by Rule 35(a) to vacate and correct it.

Contreras–Subias attempts to avoid the harsher result from resentencing by arguing that where a sentence is composed of legal and illegal portions, Rule 35 grants the district court authority to vacate the illegal portion, but not to increase the legal portion to "make up" for the lost time. *United States v. Jordan,* 895 F.2d 512 (9th Cir.1989); *Kennedy v. United States,* 330 F.2d 26 (9th Cir. 1964).

In *Jordan,* two defendants were convicted of nineteen counts of mail fraud. The district court sentenced them to 19 terms of 12 years, to be served concurrently, for a total jail time of 12 years. Defendants subsequently brought a motion under Rule 35(a) for resentencing, based on the fact that the statutory maximum sentence for each count of mail fraud was five years. The district court, agreeing that the initial sentence was illegal, resentenced defendants to 6 consecutive 2–year terms, thus preserving the 12 years total jail time. We reversed, holding that "the district court could only change the sentences by lopping off the illegal excess; it did not have the authority to order the corrected sentences to run consecutively." 895 F.2d at 514. We held that the district court, on remand, could sentence defendants to concurrent terms of no more than 5 years each. *Id.*

*Kennedy* presented another situation where a group of sentences were illegal because they exceeded statutory maximums, and where in correcting the error the district court had tried, by shortening the terms but converting them from concurrent to consecu-

tive, to preserve the total length of jail time initially contemplated. We found that the initial, illegal sentences "were not absolutely void, but were void only as to the illegal or excessive portions thereof." 330 F.2d at 27. We cited *United States v. Benz,* 282 U.S. 304, 51 S.Ct. 113, 75 L.Ed. 354 (1931), for the proposition that "the court may not increase or make more severe the valid portions of the sentences originally imposed where ... service of the legal portions of the sentences has commenced." *Id.*

The *Kennedy–Jordan* line of cases [5] is factually inapposite to the present case, because those cases contemplate situations in which a sentence was composed of legal and illegal "portions," so that the illegal part could be cleanly "lopped off." *Jordan,* 895 F.2d at 514. But in this case the sentence is simply self-contradictory: it is to run both concurrently and consecutively to the other sentences. The district court correctly recognized

> [s]tanding alone, the "consecutive" portion would be valid. Standing alone, the "concurrent" portion would be valid. Together, the two portions present the type of internal inconsistency that renders an entire sentence invalid due to the ambiguity.

Order of July 8, 1992, at 4. The district court thus properly vacated Contreras–Subias' entire sentence, and resentenced him. *See Kinsey,* 994 F.2d at 703 (distinguishing *Kennedy* and *Jordan* where original sentence was illegal in its entirety).

We see no reason to extend the *Kennedy–Jordan* cases to the present factual situation. This is not a case where we need fear establishing a rule which penalizes defendants for challenging illegal sentences by exposing them to the risk of having their other, legal sentences increased by the court in order to "make up" for the vacated illegal sentences. *United States v. De Leo,* 644 F.2d 300, 302 (3d Cir.1981); *United States v. Welty,* 426 F.2d 615, 618 (3d Cir.1970). Nor does Contreras–Subias' situation resemble one where one of defendant's convictions is reversed on appeal, and the trial judge subsequently

---

**5.** *See also, e.g., United States v. Minor,* 846 F.2d 1184 (9th Cir.1988); *United States v. Lewis,* 862 F.2d 748 (9th Cir.1988).

"corrects" the sentence on another conviction to make up for the lost time. *Pugliese v. United States,* 353 F.2d 514, 516 (1st Cir. 1965). Nor, finally, is this a case where a judge has increased a sentence to bring it into line with his "subjective intent" at sentencing. *See, e.g., United States v. Henry,* 709 F.2d 298, 314 (5th Cir.1983).

In Contreras–Subias' case, the intent of all the parties was spelled out in the plea agreement in clear and certain terms: the goal of sentencing was "to produce the effect" of an overall 30–year term. The sentence as actually pronounced, however, was illegally ambiguous in its entirety. The district court acted properly in correcting the sentence so that it corresponded exactly to the sentence to which Contreras–Subias agreed.

## II. *Double Jeopardy*

■ Contreras–Subias argues that he began serving his illegal sentence immediately after sentencing (as it was to run concurrently to sentences he was already serving), and that it was therefore a violation of the Double Jeopardy clause for the district court to vacate it and re-impose a term to run consecutive to the Oklahoma sentence he is currently serving. He claims he is being forced to serve time in two separate terms for a single offense.

We have already noted that correcting an ambiguous sentence is clearly within the district court's power under Rule 35. In *United States v. Alverson,* 666 F.2d 341 (9th Cir. 1982), this court said,

> under certain circumstances, correction of an illegal sentence does not violate double jeopardy, even if the corrected sentence increases the punishment.... This rule holds even where the defendant has begun to serve the original sentence.

*Id.* at 347; *see also Kinsey,* 994 F.2d at 702 (correction of sentence "does not automatically amount to double jeopardy, even though the legal sentence exceeds the previously imposed illegal sentence"). In *Alverson,* the district court had sentenced defendant with the following language: "the sentence imposed as to Counts 2, 3, and 4 is to run consecutively with the sentence on Count 1." From that language, it was unclear whether the sentences on Counts 2, 3, and 4 would be consecutive to or concurrent with each other. The district court brought defendant back into court three days later to clarify that each of the four sentences was to be consecutive to the one before it. This court affirmed, saying, "[c]orrection of an illegally ambiguous sentence does not violate double jeopardy because the initial ambiguous sentence is of no effect." *Id.* 666 F.2d at 348.

*Alverson* clearly authorizes the kind of correction made in this case. Indeed, the plea agreement in this case makes even a stronger case for correction (in *Alverson* the judge corrected the sentence based solely on his subjective intent at the initial sentencing).

The cases cited by Contreras–Subias are unconvincing. In *Ex Parte Lange,* 85 U.S. 163, 18 Wall. 163, 21 L.Ed. 872 (1874), the defendant was convicted of mail theft and sentenced to prison time *and* a fine, despite the fact that the applicable statute authorized a prison term *or* a fine. Defendant paid the fine and moved to vacate the prison term. The trial court vacated the original sentence, and re-imposed the prison term. The Supreme Court reversed, saying

> can the court vacate [an illegal] judgment entirely, and without reference to what has been done under it, impose another punishment on the prisoner on the same verdict? To do so is to punish him twice for the same offense.

*Id.* at 175, 18 Wall at 175. *Lange* is inapplicable here, however, because Contreras–Subias is not exposed to the same threat of being twice punished. First, as discussed above, due to the internal contradiction in his sentence, it is impossible to say that he indeed started serving it. Indeed, it is more reasonable to say that the truly mistaken part of the sentence was the "concurrent" language, and thus that, if anything, he has not started serving it. Second, since during the time between the original and corrected sentences he was already serving time for his prior convictions, it is not strictly correct to say that the district court's correction results in a double punishment. As the district court noted, "defendant would have been in prison serving time on the other sentences in

any event." Order of July 8, 1992, at 8. Whereas in *Lange* the defendant was undeniably worse off after the resentencing, in this case Contreras–Subias's position will be unchanged.

Later cases cited by defendant, which allegedly develop the "*Lange/Benz* proscription on double jeopardy sentence enhancement," Appellant's Br. at 11, are similarly inapplicable. *United States v. Earley*, 816 F.2d 1428 (10th Cir.1987), held that a judge who initially sentenced defendant to two concurrent five-year terms could not call him back into court five months later and switch the terms to consecutive, "to eliminate any ambiguity as to the Court's [original] intention." *Id.* at 1429. In *Earley*, unlike the case before the panel, the judge's original "intention" in sentencing was known only to himself. Further, the first sentence he gave was neither ambiguous nor illegal, so that his "correction" was in fact a simple increase in prison time. The *Earley* court distinguished cases similar to this case, in which there was "objective evidence demonstrating that the defendant was aware of the court's intent at sentencing." *Id.* at 1431 n. 4; *see also United States v. Addonizio*, 442 U.S. 178, 187–88, 99 S.Ct. 2235, 2241–42, 60 L.Ed.2d 805 (1979) (distinguishing "objectively ascertainable error" in sentencing from "frustration of the subjective intent of the sentencing judge").

Contreras–Subias also argues that his double jeopardy rights were violated by the resentencing because he had developed an "expectation of finality" in the sentence which he purportedly began serving as a concurrent term to his pre-existing sentences. On this basis he argues that the "consecutive" portion of his term should have been vacated, not the "concurrent" portion.

It is true that a defendant's double jeopardy rights with respect to sentencing in part derive from his or her expectation that "[a] sentence, once imposed and commenced, will not later be enhanced." *United States v. Jones*, 722 F.2d 632, 638 (11th Cir.1983). But Contreras–Subias had no legitimate expectation of finality in the "concurrent" portion of his sentence.

First, the sentence was illegal; "there can be no expectation of finality as to sentences that are illegal." *United States v. Edmonson*, 792 F.2d 1492, 1496 n. 4 (9th Cir.), *cert. denied*, 479 U.S. 1037, 107 S.Ct. 892, 93 L.Ed.2d 844 (1987); *see also Kinsey*, 994 F.2d at 702.[6] Second, Contreras–Subias realized his sentence was illegal, and challenged its validity. *Jordan*, 895 F.2d at 516 (defendants who challenged their sentences cannot have expectation of finality). Third, it is clear from the record that Contreras–Subias' expectations at sentencing were in fact that his term would be consecutive to the preexisting sentences, resulting in the 30–year total contemplated by the plea agreement. In the eight months between his sentencing and his motion to correct the sentence, his expectation of finality could not have crystallized with regard to a sentence that was a) ambiguous, b) illegal, and c) inconsistent with a plea agreement which he himself signed.

### III. *Credit for Time Already Served*

■ Contreras–Subias contends he is entitled to "credit" for the time he has served between December 10, 1990 (original sentencing date), and July 8, 1992 (date of corrected sentence). He argues that since his sentence was to be "concurrent" to sentences he was already serving, he has been serving time on it since the original sentencing.

The court below rightly rejected this argument, saying, "the Court will not grant the defendant 'credit,' because the Court recognizes that the defendant would have been in prison serving time on the other sentences in any event." Order of July 8, 1992, at 8. Moreover, for the reasons enumerated in the double jeopardy discussion above, Contreras–Subias could have no legitimate expectation of finality in a sentence which was illegally ambiguous, and which he himself challenged

---

**6.** *But cf. United States v. Lundien*, 769 F.2d 981, 987 (4th Cir.1985), *cert. denied*, 474 U.S. 1064, 106 S.Ct. 815, 88 L.Ed.2d 789 (1986), where the court noted that if enough time passes, an expectation of finality can crystallize even with regard

to an illegal sentence. *Id.* (quoting *Breest v. Helgemoe*, 579 F.2d 95, 101 (1st Cir.), *cert. denied*, 439 U.S. 933, 99 S.Ct. 327, 58 L.Ed.2d 329 (1978)).

as illegal. Indeed, it is more than likely that he understood the "concurrent" and not the "consecutive" language in his sentence to be mistaken, as it was out of line with the specific terms of the plea agreement.

In sum, Contreras–Subias is not being made to serve any time twice under the corrected sentence, and is not being deprived of "credits" he would otherwise have had. The corrected sentence puts him in the exact situation he expected when he signed his plea agreement.

AFFIRMED.