**UNITED STATES of America,**
**Plaintiff,**

v.

**Harold Jerry GARMANY, Defendant.**

**No. CR 84–0090–PHX–EHC.**

United States District Court,
D. Arizona.

June 8, 2007.

Linda C. Boone, U.S. Attorney's Office, Phoenix, AZ, for Plaintiff.

Mark A. Paige, Paige Law Firm, Phoenix, AZ, for Defendant.

## ORDER

CARROLL, District Judge.

Defendant and numerous co-defendants were charged in a multi-count indictment returned in the District of Arizona on April 17, 1984. A jury found Defendant guilty on May 22, 1985 of the following crimes:

Count 1—Continuing Criminal Enterprise ("CCE") (21 U.S.C. § 848);

Count 3—Conspiracy to Distribute and Possess with intent to Distribute Marijuana, Cocaine and Methaqualone (21 U.S.C. § 846);

Count 4—Conspiracy to Import Marijuana and Cocaine (21 U.S.C. § 963);

Count 10—Conspiracy to Defraud the Internal Revenue Service, U.S. Customs and Treasury Department and to Harbor a Federal Fugitive (18 U.S.C. § 371);

Count 27—Conspiracy to Collect and Collection of Extension of Credit by Extortionate Means (18 U.S.C. § 894(a)(1));

Count 28—Conspiracy to Collect and Collection of Extension of Credit by Extortionate Means, and aiding and abetting (18 U.S.C. §§ 2 and 894(a)(1)); and,

Count 64—Possession of an Unregistered Silencer (26 U.S.C. § 5861(d)).

On July 1, 1985, the district court sentenced the Defendant to life imprisonment on the CCE conviction charged in Count 1; fifteen years on each of the drug conspiracy counts charged in Counts 3 and 4; five years on Count 10; twenty years on each of Counts 27 and 28; and ten years on Count 64. The 15–year terms imposed on Counts 3 and 4 were ordered to run consecutively to each other but concurrent with the sentence imposed on Count 1. The terms imposed on Counts 10, 27, 28 and 64 were ordered to run consecutively with each other and consecutive to Counts 1, 3 and 4. Defendant's consecutive term sentences totaled 55 years.[1] All sentences were ordered to run consecutively with Defendant's 20–year sentence imposed on his drug-related conviction in *United States v. Garmany,* Case No. CR–83–354, Northern District of Alabama, on February 23, 1984. The Alabama conviction was affirmed in *United States v. Garmany,* 762 F.2d 929 (11th Cir.1985). (See Dkt. 2462).

At the time of Defendant's conviction and sentence in the instant case, Defendant's conviction on the CCE offense carried a penalty of ten years to life imprisonment. 21 U.S.C. § 848 (1985). A life sentence was permissive prior to the effective date of the Anti–Drug Abuse Act of 1986 (effective October 27, 1986), and mandatory under certain conditions subsequent to the Act's effective date. *See United States v. Williams–Davis,* 90 F.3d 490, 509 (D.C.Cir.1996). A conviction on the CCE offense was not subject to parole eligibility. 18 U.S.C. § 848(c).

Defendant's conviction and sentence were affirmed. *United States v. Garmany,* 808 F.2d 57 (9th Cir.1986)(Table). Defendant subsequently filed two motions to

---

1. According to Defendant's Presentence Report ("PSR"), the terms imposed on Counts 3, 4, 10, 27, 28 and 64 were the maximum terms authorized by statute. (PSR, at page 1a). Fines totaling $100,000 were imposed on Counts 1, 3 and 4. The Court referred to the Presentence Investigation Report as the "PSI" in its previous Order. (Dkt. 2420 at page 5).

vacate, set aside or correct sentence under 28 U.S.C. § 2255 which were denied.

In an Order entered on August 4, 2006 (Dkt.2420), this Court granted Defendant's Motion to Correct Sentence filed under Fed.R.Crim.P. 35(a) by adopting in part the Magistrate Judge's Report and Recommendation. As relevant to this case, Rule 35(a) provided at the time of Defendant's sentencing that the district court can "correct an illegal sentence at any time ..." Fed.R.Crim.P. 35(a) (1985)(which applies to sentences for crimes committed before November 1, 1987).[2] *United States v. Minor*, 846 F.2d 1184, 1188 n. 4 (9th Cir.1988). The Court ruled that Defendant's drug conspiracy convictions on Counts 3 and 4 should be vacated based on *Rutledge v. United States*, 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996). Under *Rutledge*, convictions for both drug conspiracy and CCE violate the constitutional prohibition against double jeopardy because the conspiracy is a lesser included offense of the CCE.

This Court vacated the sentence imposed on the CCE conviction based on findings that, although Defendant's sentence was within the statutory limits, it had been imposed on the basis of false and unreliable information making it unconstitutional because it violates Defendant's due process rights. The misconception was evidenced by the Sentencing Court's oral pronouncement and Judgment that sentence was imposed under 18 U.S.C.

§ 4205(a)(repealed),[3] which dealt with parole eligibility; the Presentence Report ("PSR") which provided that Defendant's probable incarceration was "180 plus" months for all listed offenses (see Dkt. 2364, Exhibit A) and that Defendant probably would be paroled during the referenced guideline period; and the representation in the government's appellate brief that Defendant's sentence included the possibility of parole.

This Court ruled that Defendant must be re-sentenced pursuant to Rule 35. The issue now before the Court is Defendant's re-sentencing.

## I.

### *The Parties' Contentions.*

The government contends that Defendant should be re-sentenced on Count 1 to life imprisonment with possibility of parole to effect the original intent of the 1985 Sentencing Court. (Dkt. 2432 at pp. 3–6; Dkt. 2437; and Dkt. 2453 at pp. 2–3). The government argues that this Court's authority under Rule 35 (before its revision in 1985 with the advent of the Sentencing Guidelines) to correct a sentence imposed in an illegal manner, "extends only to the illegal portion of the sentence, and does not empower the district court to reach legal sentences previously imposed, even when they arose out of the same criminal transaction," citing *United States v. Minor*, 846 F.2d at 1188. The government

2. Rule 35(a) provided in full as follows: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Rule 35(b) provided that a motion to reduce sentence may be made within 120 days after certain triggering events as set forth.

3. Regarding parole eligibility, 18 U.S.C. § 4205(a) provided as follows:

Whenever confined and serving a definite term or terms of more than one year, a prisoner shall be eligible for release on parole after serving one-third of such term or terms or after serving ten years of a life sentence or of a sentence of over thirty years, except to the extent otherwise provided by law.

Section 4205(a) was repealed by the Sentencing Reform Act of 1984. *See United States v. LaFleur*, 971 F.2d 200, 208–09 (9th Cir.1991).

**1254**

also cites *Kennedy v. United States,* 330 F.2d 26 (9th Cir.1964), *United States v. Jordan,* 895 F.2d 512 (9th Cir.1989), and *United States v. Moreno–Hernandez,* 48 F.3d 1112 (9th Cir.1995), in support of its argument. (Dkt. 2437 at pp. 3–5). Accordingly, the government argues the Court lacks jurisdiction to vacate a sentence or re-sentence Defendant on the sentences imposed on Counts 10, 27, 28 and 64 and it cannot reconsider the offenses or consequences on these counts.

Defendant argues the Court can impose sentences that would result in re-sentencing not only on Count 1 but also on the remaining counts. (Dkt.2445). Defendant contends that this Court has the jurisdiction, authority and responsibility to correct the entire sentence. Defendant primarily relies on *United States v. Contreras–Subias,* 13 F.3d 1341, 1344 (9th Cir.1994), (Dkt. 2445 at pp. 4–6), which held that "[a] sentence that is 'so ambiguous that it fails to reveal its meaning with certainty', is illegal." In *Contreras–Subias,* the sentence imposed required the defendant to serve the sentence both concurrently and consecutively to another federal sentence the defendant was serving and thus was so ambiguous as to be illegal. The district court therefore acted within its authority under Rule 35(a) by vacating the entire sentence and re-sentencing the defendant by deleting the "concurrent" provisions. This cor-

rection was in line with the parties' intent as evidenced by provisions of a plea agreement. *Id.,* at 1344–45.

Defendant urges that re-sentencing on all counts should result in his release from custody based on several reasons. (Dkt. 2445 at pp. 10–11; Dkt. 2452). Defendant first cites the PSR as reflecting that Defendant would be incarcerated for all his federal sentences for approximately 180 months (15 years). (See PSR at page 7). Defendant argues all of his sentences would be aggregated pursuant to § 4205(a). Defendant further argues that at the time of his conviction, the CCE offense carried a ten-year mandatory minimum sentence and if a ten-year sentence had been imposed for that offense, all sentences would have expired years ago. Defendant further argues that under the parole system in place in 1985, inmates received one-third credit for good time, citing 18 U.S.C. §§ 4205(a) and 4161 (repealed),[4] plus an additional five days per month. Defendant argues that the time served on the consecutive sentences would only be one-third of the sentence(s), citing the PSR at page 6 which provided: "These sentences will require a defendant to serve one-third of consecutive sentences before being eligible for parole release." Defendant has submitted a letter from the Bureau of Prisons ("BOP") dat-

---

4. Regarding good time credits, 18 U.S.C. § 4161 provided:

Each prisoner convicted of an offense against the United States and confined in a penal or correctional institution for a definite term other than for life, whose record of conduct shows that he has faithfully observed all the rules and has not been subjected to punishment, shall be entitled to a deduction from the term of his sentence beginning with the day on which the sentence commences to run, as follows:

Five days for each month, if the sentence is not less than six months and not more than one year.

Six days for each month, if the sentence is more than one year and less than three years.

Seven days for each month, if the sentence is not less than three years and less than five years.

Eight days for each month, if the sentence is not less than five years and less than ten years.

Ten days for each month, if the sentence is ten years or more.

When two or more consecutive sentences are to be served, the aggregate of the several sentences shall be the basis upon which the deduction shall be computed.

ed March 11, 2004 that lists his federal sentences and identifies August 12, 1982 as the date from which his federal sentences began to run. (Dkt. 2452, Exhibit C). The August 12, 1982 date is the date on which a parole violator warrant was executed on Defendant regarding a previous conviction in the Southern District of Texas.

Defendant proposes three sentencing options. First, if the Court sentences Defendant on Count 1, only a ten-year mandatory minimum term should be imposed. Second, if the Court sentences Defendant on Count 1 and then recalculates the balance of the sentence (Counts 10, 27, 28 and 64), "imposition of the 10 year mandatory minimum sentence on Count 1 would most closely approximate the intended term of sentence imposed for all counts of conviction and considering all other sentences to be served as of July 1985." Third, if the Court sentences the Defendant anew as to all counts, a sentence of "time served" is appropriate. (Dkt. 2452 at page 4).

## II.

### Discussion.

The Ninth Circuit has construed Rule 35(a) as allowing district courts to correct only the illegal portions of sentences. *United States v. Jordan*, 895 F.2d at 515. The basis for this construction seemingly appears to be in part that pursuant to 28 U.S.C. § 2106 [5] the Court of Appeals, not the district court, has authority to determine whether re-sentencing is appropriate. *Id.* The progression of the case law on this issue leads this Court to a contrary result.

In *Kennedy* and *Jordan*, the original sentences imposed exceeded the statutory maximum and the defendants filed motions to correct sentence. The district court on re-sentencing changed the prison terms from concurrent to consecutive in an attempt to preserve the original sentences. The Ninth Circuit found error on the re-sentencing in both cases. In *Kennedy*, the appellate court held that the district court, which had denied the defendant's subsequent motion for relief under Rule 35(a), may not increase or make more severe the valid portions of the original sentences where service of the legal portions of the sentences has commenced. *Kennedy*, 330 F.2d at 27. In *Jordan*, the Court of Appeals held that the district court's authority under Rule 35(a) was limited to correcting illegal portions of the illegal sentences. *Jordan*, 895 F.2d at 514–15. The Ninth Circuit distinguished the government's argument that the holding in *Kennedy* based on double jeopardy grounds had been limited by *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980), clarifying that *Kennedy* "is a Rule 35 case" and the law of the Circuit. *Jordan*, 895 F.2d at 515. In *DiFrancesco*, the Supreme Court had held that a prisoner does not have a reasonable expectation of finality of a sentence until the sentence is completed. *DiFrancesco*, 449 U.S. at 134–37, 101 S.Ct. 426. However, in *United States v. Caterino*, 29 F.3d 1390, 1397 n. 2 (9th Cir.1994), *overruled on other grounds by Witte v. United States*, 515 U.S. 389, 115 S.Ct. 2199, 132 L.Ed.2d 351 (1995), it was noted that *Kennedy* had interpreted the double jeopardy clause as applying to prevent a court from increasing a sentence

**5.** Title 28, United States Code, section 2106 provides as follows:

The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.

once the sentence had begun and that this interpretation was inconsistent with *DiFrancesco*.

The Ninth Circuit clarified in *Jordan* that its cases distinguished between the broad powers granted to the Courts of Appeals by § 2106 and the narrower powers granted to the district courts by Rule 35. *Jordan*, 895 F.2d at 515. For example, in *United States v. Minor*, the Court of Appeals reversed the defendant's conviction on two counts and affirmed on two counts. The district court, however, denied the defendant's motion to correct sentence and granted the government's motion to vacate and re-sentence. On appeal, the Ninth Circuit held that Rule 35(a) gave the district court no authority to reconsider the defendant's sentences on the affirmed counts. *Id.*, at 1189. The Court of Appeals stated that the authority under Rule 35(a) to vacate and amend a sentence "at any time" extended only to the illegal portions of the sentence and that the district court was not empowered to reach legal sentences previously imposed. *Id.*, at 1188.

Similarly in *United States v. Lewis*, 862 F.2d 748 (9th Cir.1988), the Ninth Circuit affirmed the defendant's convictions on certain counts, reversed his conviction on a portion of one count and remanded for retrial. It was determined on the subsequent appeal that the district court had acted in similar inappropriate fashion when it imposed a sentence on one count which in effect altered the sentences on the affirmed counts. In both *Minor* and *Lewis*, the district court was not afforded authority under the appellate mandate, remand order or Rule 35(a) to reconsider the affirmed sentences.

In the more recent case of *United States v. Moreno–Hernandez*, the Ninth Circuit affirmed the conviction but remanded for re-sentencing. On appeal following re-sentencing, it was held that, consistent with the appellate mandate, the district court had been free to reconsider the entire "sentencing package" and to restructure the sentences to run consecutively. *Id.*, 48 F.3d at 1116. The Court of Appeals acknowledged *Kennedy* and *Minor* as holding that the authority to vacate and amend a sentence under Rule 35 extended only to the illegal portion of the sentence, *Id.*, at 1116, but noted in a footnote that when the *Kennedy–Jordan* line of cases had been decided, Rule 35 "provided only for conditions under which the district court could correct a sentence it imposed in an *illegal manner.*" *Id.*, at 1116 n. 4 (emphasis added). The successor to that provision was noted as appearing in Rule 35(c), Fed. R.Crim.P., which provided for correction of sentence by the sentencing court, while Rule 35(a) governed correction of sentences determined on appeal to have been imposed illegally. *Moreno–Hernandez*, 48 F.3d at 1116 n. 4.[6]

In contrast, the ambiguous sentence in *Contreras–Subias* was determined to be illegal in its entirety and therefore the district court acted within its authority under Rule 35(a) when it vacated the entire sentence. *Id.*, 13 F.3d at 1344. As discussed in *Contreras–Subias*, the *Kennedy–Jordan* line of cases (which includes *Lewis* and *Minor*) was factually inapposite as it contemplated situations in which a sentence is composed of legal and illegal "portions" and the illegal part could be cleanly "lopped off." *Id.* The Ninth Circuit found no reason to extend the *Kenne-*

---

**6.** As amended in 1991, Rule 35(a) provided for correction of a sentence on remand. Rule 35(c) provided that "[t]he court, acting within 7 days after the imposition of sentence, may correct a sentence that was imposed as a result of arithmetical, technical, or other clear error."

*dy–Jordan* cases to the factual situation in *Contreras–Subias*. The situation in *Contreras–Subias* did not involve the "fear" of establishing a rule that penalizes defendants for challenging illegal sentences by exposing them to the risk of having their other, legal sentences increased by the court to "make up" for vacated illegal sentences. It did not resemble the situation where one of defendant's convictions is reversed on appeal and the trial judge subsequently "corrects" the sentence on another conviction to make up the lost time. Nor was it a case where a judge has increased sentence to bring it into line with the judge's "subjective intent" at sentencing. *Contreras–Subias*, 13 F.3d at 1344–45. Moreover, the intent of the parties in *Contreras–Subias* had been spelled out in a plea agreement and the district court had acted properly in correcting sentence so it corresponded exactly to the sentence to which Contreras–Subias had agreed. *Id.*, at 1345. The Ninth Circuit additionally held that under certain circumstances, correction of an illegal sentence does not violate double jeopardy for several reasons, including: (1) it may be impossible to determine when the defendant started serving an ambiguous sentence; (2) there can be no expectation of finality in an illegal sentence; and (3) defendants who challenge their sentences cannot have an expectation of finality. *Id.*, at 1345–46.

In the instant case, Defendant's sentence was based on multiple counts of conviction following trial. In *United States v. Handa*, 122 F.3d 690 (9th Cir.1997), the Ninth Circuit recognized with approval the "sentencing package" concept in the context of motions to vacate, set aside or correct sentence under 28 U.S.C. § 2255. As discussed in *Handa*, application of the "sentencing package" approach means that:

The court construes the multiple sentences given a defendant convicted of more than one count of a multiple count indictment as 'a package,' reflecting the likelihood that the sentencing judge will have attempted to impose an overall punishment taking into account the nature of the crimes and certain characteristics of the criminal. When part of the sentence is set aside as illegal, the package is 'unbundled.' After the unbundling the district court is free to put together a new package reflecting its considered judgment as to the punishment the defendant deserves for the crimes of which he is still convicted.

*Handa*, 122 F.3d at 692 (citing, *inter alia*, *United States v. Binford*, 108 F.3d 723, 728 (7th Cir.), *cert. denied*, 521 U.S. 1128, 117 S.Ct. 2530, 138 L.Ed.2d 1029 (1997)). The Ninth Circuit found it appropriate to use the sentencing package "metaphor" in § 2255 cases. *Handa*, 122 F.3d at 692.

The Seventh Circuit has held that under the version of Rule 35(a) which applies in this case, nothing prevents the district court from correcting the illegal sentence by re-sentencing the defendant. Upon re-sentencing, "the court possesses all of the options initially open, including a choice between concurrent and consecutive terms...." *United States v. Bentley*, 850 F.2d 327, 328 (7th Cir.1988). It was "assumed" in *Bentley* that Rule 35 did not authorize the district court on re-sentencing to make the total punishment harsher. *Id.* In addition, "nothing but pointless formalism would support a distinction between a sentencing plan disrupted by the vacatur of some counts on appeal and a plan shattered by the district court's own recognition that the plan was infested with error." *Id.*, 328–29. The *Bentley* court recognized the district court's authority under Rule 35(a) to re-sentence by revising the entire sentencing, stating that "whenever the district court must revise

one aspect of the sentencing scheme, it is permitted by Rule 35 to revise the rest. The district court may act without waiting for instructions or permission." *Id.*, at 329.

The Second Circuit has since held that the district court's re-sentencing powers apply to cases under 28 U.S.C. § 2241 based on the court's authority under 28 U.S.C. § 2243 to dispose of the matter as law and justice require. *United States v. Triestman*, 178 F.3d 624, 629–30 (2d Cir. 1999).

This Court concludes that it is not constrained to follow *Kennedy* and *Jordan*. The narrow function of Rule 35(a) was to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence. *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). In the sentencing correction context, Rule 35 and § 2255 have been considered interchangeable. *United States v. Henry*, 709 F.2d 298, 334 (5th Cir.1983)(Gee, C.J., dissenting)(citing, *inter alia*, *Heflin v. United States*, 358 U.S. 415, 417–18, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959)).[7] The Ninth Circuit has approved the district court's authority to re-sentence in § 2255 cases in light of the sentencing package approach. At the time *Kennedy* and *Jordan* were decided, the Ninth Circuit had not yet clearly recognized the sentencing package concept as relevant to post-conviction motions. *See, e.g., United States v. Jenkins*, 884 F.2d 433, 440–41 (9th Cir.1989)(defendant pre-guidelines convicted on two counts involving income tax violations; where restitution condition of probation on one count held on appeal to be invalid, remand for re-sentencing on both counts proper be-

cause district court may have regarded the sentences for the two counts as parts of a single "sentencing package").

This Court has determined that Defendant's sentence of life without parole on the CCE conviction is illegal as in violation of due process, not that the sentence was imposed in an illegal manner. See *Moreno–Hernandez*, 48 F.3d at 1116 n. 4. *See also, United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir.1986)("Rule 35 [as applicable in the instant case] distinguishes among motions to reduce or correct an 'illegal' sentence, a lawful sentence, and a 'sentence imposed in an illegal manner'. . . . A motion to correct an 'illegal' sentence may be made at any time.") (citation omitted).

As this Court found in its August 4, 2006 Order, Defendant was to be parole eligible as to all convictions and sentences. As an initial matter, this Court's findings in its August 4th Order as to the CCE sentence was to effect a "bundling" of the sentence that otherwise had become "unbundled" when carried out by the BOP, that is, the BOP has been carrying Defendant as sentenced on the CCE conviction to life without parole computed as a "day-forday" life term as opposed to life with parole eligibility. Defendant's PSR, however, indicated that Defendant's probable incarceration was "180 plus" months for all listed offenses and that Defendant probably would be paroled during the referenced guideline period. Also according to the PSR, a defendant would be required to serve one-third of consecutive sentences before being eligible for parole release. (PSR at page 6). The district court made it clear at the sentencing hearing that Defendant had

---

7. This reference is prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996.

been sentenced under § 4205(a), the parole statute at the time.

Under 18 U.S.C. § 4205(a), ... "Congress made it clear that it considered one-third of a life sentence to be ten years.... [A] person sentenced to life imprisonment must become eligible for parole no later than ten years after the commencement of incarceration." *United States v. Kinslow,* 860 F.2d 963, 969 (9th Cir.1988). As this provision has been interpreted by the Parole Commission, consecutive sentences do not delay eligibility beyond ten years, citing United States Parole Commission, Procedures Manual 121[sec. M–01(a), (c)(1) (Jan.1986)]. *United States v. Gwaltney,* 790 F.2d 1378, 1389 n. 2 (9th Cir.1986)(Norris, C.J., concurring in part and dissenting in part). Title 18, United States Code, § 4206(d)(repealed) [8] created "in effect a very strong presumption in favor of parole at the two-thirds point for any prisoner serving more than five years" subject to limited discretion in the Parole Commission. *LaMagna v. United States Bureau of Prisons,* 494 F.Supp. 189, 192 and n. 11 (D.Conn.1980).

Setting August 12, 1982 as the date from which Defendant's federal sentences began to run, Defendant has served approximately 24 years and nine months in prison, a period of considerably more than ten years and some four years in excess of twenty years. Setting July 1, 1985, the date Defendant was sentenced in the instant case, as the commencement date, Defendant has been incarcerated approximately 21 years

and ten months. Defendant's incarceration has occurred without the possibility of parole eligibility review. Defendant has submitted a letter dated April 13, 1998 addressed to him from the U.S. Parole Commission Hearing Examiner denying his request for an initial parole hearing on his CCE life term. (Dkt. 2364, Exhibit F). Defendant has been incarcerated for at least 22 years as "locked out" of parole eligibility review. Defendant's sentencing package has become "unbundled".

Additional support can be found in *United States v. Ruster,* 712 F.2d 409 (9th Cir.1983). The district court sentenced defendant Ruster to three consecutive five year terms, observing that even though the period "seemed impressively large" it amounted to "about 48 months." *Id.,* at 412. During the sentencing hearing, the court was informed by the probation officer that Ruster would serve 48 to 60 months. The sentencing court then commented that "although the years seemed extended, the actual time involved is limited." *Id.,* at 412. Under § 4205(a), however, Ruster did not become eligible for parole until he served a third of the duration of the term or terms which in Ruster's case was 60 months in prison. *Id.* After noting that a defendant's due process rights are violated when a trial judge relies on materially false or unreliable information in sentencing a defendant, the Ninth Circuit rejected the government's argument that the information about the length of time Ruster would spend in pris-

---

**8.** Title 18, United States Code, section 4206(d) provided:

Any prisoner, serving a sentence of five years or longer, who is not earlier released under this section or any other applicable provision of law, shall be released on parole after having served two-thirds of each consecutive term or terms, or after serving thirty years of each consecutive term or terms of more than forty-five years includ-

ing any life term, whichever is earlier: *Provided, however,* That the Commission shall not release such prisoner if it determines that he has seriously or frequently violated institution rules and regulations or that there is a reasonable probability that he will commit any Federal, State, or local crime. This provision was repealed effective November 1, 1987. See, *LaFleur,* 971 F.2d at 208.

on was not materially false enough to require the sentence to be vacated. The record indicated that the judge had demonstrably relied on the misinformation in sentencing Ruster. The appellate court ordered Ruster's sentence vacated and remanded for re-sentencing under Rule 35. *Id.,* at 413.

Defendant's case is similar to *Ruster.* Defendant's sentence was imposed on the basis of false and unreliable information. The oral pronouncement of sentence and the Judgment make clear that all convictions were to be served subject to the parole eligibility statute but Defendant has been "locked out" of all possibility of review because his sentence has been misconstrued as life without parole. This Court concludes that there exists jurisdiction and authority to re-sentence Defendant on all counts of conviction.

Finally, it is not clear from the information submitted whether Defendant has commenced serving the "lawful" portions of his sentence. As mentioned, BOP has carried Defendant as having been sentenced to life in prison without parole computed as a "day-for-day" life term. No information has been submitted to the Court regarding whether Defendant has completed serving the 20–year sentence imposed in the Alabama case. Defendant's sentence in that case stopped running from March 8, 1984 to April 17, 1984 because he was under a Civil Contempt commitment. (Dkt. 2452, Exhibit C). In any event, double jeopardy principles do not preclude Defendant's re-sentencing on all counts.

The parties will be afforded an opportunity to supplement the present PSR as needed and to be fully heard at the re-sentencing hearing. *See, Triestman,* 178 F.3d at 633(relying on original PSR upon re-sentencing where parties are given full opportunity to be heard and to supplement the PSR as needed). *See also, United States v. Hardesty,* 958 F.2d 910, 915–16 (9th Cir.1992)(district court did not abuse its discretion by proceeding on a motion to reduce sentence without an updated PSR where record showed that the court considered defendant's individualized characteristics); *United States v. Bay,* 820 F.2d 1511, 1514 (9th Cir.1987)("... our system of criminal justice requires the judge to consider all appropriate factors and then to impose a sentence appropriate to both the defendant's criminal conduct and his character").

accordingly,

**IT IS ORDERED** that Defendant shall appear before this Court on **July 12, 2007 at 1:30 p.m.** for re-sentencing.

**IT IS FURTHER ORDERED** that any supplemental information to the PSR shall be filed **fifteen days** before re-sentencing.