## UNITED STATES of America, Plaintiff–Appellant,

v.

## Harold Jerry GARMANY, Defendant–Appellee.

### No. 07–10468.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 8, 2008.

Filed Dec. 30, 2008.

Linda C. Boone, Esquire, John Robert Lopez, Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellant.

Mark A. Paige, Esquire, Paige Law Firm, Phoenix, AZ, for Defendant–Appellee.

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: B. FLETCHER, McKEOWN and N.R. SMITH, Circuit Judges.

### MEMORANDUM *

Because the parties are familiar with the facts and procedural history of this matter, we will not repeat them here. The district court's authority to resentence Garmany under former Federal Rule of Criminal Procedure 35 was limited to the illegal portions of Garmany's sentence. *United States v. Moreno–Hernandez*, 48 F.3d 1112, 1116 (9th Cir.1995) (stating that the "authority to vacate and amend a sentence pursuant to Rule 35 extends only to the illegal portion of the sentence, and does not empower the district court to reach legal sentences previously imposed") (quoting *United States v. Minor*, 846 F.2d 1184, 1188 (9th Cir.1988)) (internal alterations omitted); *United States v. Contreras–Subias*, 13 F.3d 1341, 1344 (9th Cir. 1994) (noting that when a portion of a sentence is illegal the district court may "only change the sentence[ ] by lopping off the illegal excess" and not by altering the legal portion of the sentence) (quoting *United States v. Jordan*, 895 F.2d 512, 514 (9th Cir.1989)).

The sentence entered on Count 1 was illegal because, despite the intention of the original sentencing court to grant eligibility, Garmany was statutorily ineligible for parole under the sentence entered. Because the sentencing error locked Garmany out of the possibility of parole and consequently affected both Garmany's parole eligibility and the length of Garmany's sentence on this count, the district court had the authority to vacate and restructure Garmany's entire sentence on Count

1. On the record before us, however, we cannot affirm the district court's resentencing on the remaining counts because those portions of the sentence were legal.[1]

We affirm the district court's authority to vacate the entire sentence on Count 1, we reverse and remand to the district court with instructions to reinstate Garmany's original sentences on Counts 10, 27, 28, and 64, and to resentence Garmany in a manner consistent with this disposition.

**AFFIRMED IN PART, REVERSED IN PART and REMANDED.**

---

1. We decline to speculate on whether Garmany's inability to seek parole on Count 1 affected his sentences on the other counts, thereby rendering them illegal. The record does not contain a memorandum or calculations from the parole board on this subject. For example, it is not clear when Garmany would have become eligible for parole if not for the error in his sentence on Count 1, the effect his Alabama sentence had on his parole eligibility, or whether the illegal portion of his sentence on Count 1 impacted his sentences on the other counts by delaying his ultimate parole eligibility. The district court, of course, on remand, in its discretion may allow the parties to develop the record on these issues.