United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10111
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICKY LYNN COLE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:05-CR-27
--------------------

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:[*]

Ricky Lynn Cole appeals the sentence imposed following his jury trial conviction on 107 counts of interstate transportation of child pornography, distribution of child obscenity, transportation of obscene matter, and aiding and abetting. Cole argues, for the first time on appeal, that the district court violated the Double Jeopardy Clause and sentenced him in excess of the 20-year statutory maximum on Count 98 by sentencing him to two 240-month sentences on that count, one of which included 125 months to run consecutively to the other terms of imprisonment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imposed. The Government concedes error and proposes that the judgment be reformed to reflect a single 240-month sentence on Count 98, 125 months to run consecutively to the sentences imposed on the remaining counts.

"Criminal sentences must 'reveal with fair certainty the intent of the court to exclude any serious misapprehensions by those who must execute them.'" United States v. Garza, 448 F.3d 294, 302 (5th Cir. 2006) (quoting United States v. Daugherty, 269 U.S. 360, 363 (1926)). Sentences which are ambiguous or unclear "must be vacated and remanded for clarification in 'the interest of judicial economy and fairness to all concerned parties.'" Id. (quoting United States v. Patrick Petroleum Corp., 703 F.2d 94, 98 (5th Cir. 1982)). A sentence which exceeds the statutory maximum is an illegal sentence constituting plain error. United States v. Sias, 227 F.3d 244, 246 (5th Cir. 2000).

The sentence includes two 240-month sentences on Count 98 but imposes a total 365-month sentence. Because the sentence is unclear and ambiguous, the sentence is vacated and the case is remanded for clarification of the sentence. See Patrick Petroleum Corp., 703 F.2d at 98.

Because we are vacating the sentence and remanding for clarification of the sentence, we do not address at this time Cole's argument that his sentence on all counts is unreasonable.

SENTENCE VACATED AND REMANDED FOR RESENTENCING.