**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 26, 2009

Charles R. Fulbruge III
Clerk

No. 08-40902

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ARTURO SANCHEZ-HERNANDEZ,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:08-CR-373-1

Before GARWOOD, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Arturo Sanchez-Hernandez appeals his sentence for illegal reentry into the United States. He argues that the district court erred when ordering a prior undischarged sentence to run consecutively to his new sentence for illegal reentry. We AFFIRM.

I. PROCEDURAL HISTORY

In March 2000, Sanchez-Hernandez was arrested and charged with a drug crime in a state court in Texas. While in custody awaiting trial on the state

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

charge, the defendant was charged in federal court with illegal reentry following deportation. In December 2000, the defendant received a three-year prison sentence on the drug offense in state court. In October 2001, the defendant received an eight-month prison sentence to be followed by three years of supervised release for the federal illegal reentry charge. The federal sentence was to begin after the state sentence. However, when the defendant was paroled on his state sentence, he was erroneously deported before the commencement of the eight-month federal sentence.

In 2008, the defendant was again found in the United States. He pled guilty to another illegal reentry charge and received a sentence of forty-six months. Anticipating that he would be expected to serve the prior undischarged eight-month sentence, the defendant asked the district court to let the sentences run concurrently, *to the extent that was possible*. The district court did not respond to that request. The probation officer later asked the court to clarify whether the sentences were consecutive or concurrent. In seeking clarification, the probation officer stated that, under the relevant Sentencing Guideline, a "term of imprisonment is to run consecutive to the undischarged term of imprisonment in that prior case." The district court responded by saying, "well, if that's a statute, then that's the statute."

Both parties now agree that the probation officer was reading the wrong portion of the Guidelines. The district court has discretion to make a new sentence concurrent to an undischarged term of imprisonment. The effect of this error is the only issue raised in the present appeal.

## II.   DISCUSSION

When a district court imposes a sentence on a defendant who has an undischarged prior sentence, there is discretion to make the two sentences consecutive or concurrent. 18 U.S.C. § 3584. The district court should exercise the discretion in light of the factors set out in Section 3553(a). *See* 18 U.S.C. §

3584(b). That means that the court is to consider the Guidelines and pertinent policy statements. 18 U.S.C. § 3553(a)(4) & (5). The applicable Guidelines provision here is Section 5G1.3(c). It states that, in cases "involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense."

The specific question presented here is the reasonableness of the district court's decision that the new forty-six month sentence and the earlier eight-month undischarged sentence be served consecutively. Sanchez-Hernandez alleges that the district judge was indicating that she considered the Guidelines to be mandatory when she said, "if that's a statute, then that's the statute." If the judge did treat the Guidelines as mandatory, procedural error occurred. *Gall v. United States*, 128 S. Ct. 586, 597 (2007).

Thus, reasonableness is the issue. Our standard for review depends on whether the alleged error was preserved. Defense counsel stated to the court, "to the extent you can[,] we'd ask you to consider running the cases concurrently." The court made no response to that request. Nothing else was said by defense counsel that could constitute an objection. Preservation of the error turns on the import of the statement just quoted.

A claim of error must be presented to "the district court in such a manner so that the district court may correct itself and thus, obviate the need for [appellate] review." *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994). When counsel asked the district court for a concurrent sentence "to the extent" that one could be imposed, there was no suggestion that failure to do so would be error. This was a request that the court determine if it had discretion, and if so, to apply it in favor of concurrent sentences. When the probation officer

later stated, erroneously, that the district court was required to impose consecutive sentences, the defendant did not object.

Because the defendant in no manner alerted the district court that the Guidelines were being applied impermissibly, the court was not provided an opportunity to recognize and correct its error. *See United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007). Thus, we review only for plain error.

The plain error review test consists of three elements: (1) there must be an error; (2) the error must be clear or obvious; (3) and the error must affect the appellant's substantial rights. *See Puckett v. United States*, 129 S.Ct. 1423, 1429 (2009). If these elements are met, "the court of appeals has the discretion to remedy the error – discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted).

We restate what was said at sentencing. The probation officer stated that a "term of imprisonment is to run consecutive to the undischarged term of imprisonment . . . ." The district court responded, "well, if that's a statute, then that's the statute" and ordered the sentences to run consecutively. The court's response indicates that it believed there was no discretion.

Therefore, error has been shown. As to whether it was plain error, we accept that there was no subjective obviousness to the error, meaning, the attorneys at the time did not observe error. That oversight will almost always be so under plain error review. For our purposes, because the error is clear once the proper Guideline section is noted, it is "plain."

The only disputed questions, then, are whether that error affected the defendant's substantial rights and whether we should exercise our discretion to correct it.

With respect to whether the district court's error affected the defendant's substantial rights, "the defendant must show that it affected the outcome in the

4

district court." *United States v. Mondragon-Santiago*, 564 F.3d 357, 364 (5th Cir. 2009). "To meet this standard, the proponent of the error must demonstrate a probability sufficient to undermine confidence in the outcome." *United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005) (internal quotation marks omitted). This court has stated that the defendant's burden "should not be too easy." *Id.* Unless the error is shown actually to have made a difference in the outcome, there is no reversal. *Id.*

Defendant has not met his burden in this case. He has not demonstrated any probability that the district court would have run his sentences concurrently in the absence of error. The mere possibility of a lesser sentence is insufficient to satisfy the test. In fact, the district court commented on the "seriousness" of the defendant's crime of illegal reentry and indicated that a "heavy penalty was warranted." These statements belie any assertion that the sentence imposed by the district court would probably have been less stringent had the court recognized its own discretion.

We AFFIRM.