# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 24, 2010

No. 09-40048

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOSE CIBRIAN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-275-001

Before JOLLY and DENNIS, Circuit Judges, and BOYLE,[*] District Judge.

PER CURIAM:[**]

Jose Cibrian appeals his 115-month sentence for federal firearms violations ordered to run concurrently with his state sentence for aggravated assault and consecutively to an unrelated state drug possession case. A state court had previously ordered the two state sentences to run concurrently. Cibrian argues that the federal sentence is illegal because it is impossible to

---

[*] District Judge of the Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reconcile with the state court's order that the two state sentences be served concurrently. We find that the sentence is legal despite its incompatibility with the state sentences and AFFIRM. Cibrian's second contention is that the district court's written judgment conflicts with its oral pronouncement at sentencing that she would adjust his federal sentence for time already served in state custody on the aggravated assault conviction. Because the sentencing record establishes that the district court's intent is accurately reflected in its written judgment, we AFFIRM.

## I. BACKGROUND

On June 7, 2007, Cibrian was arrested by the Corpus Christi, Texas police for threatening a woman with a handgun during an altercation in a motel room. Police searched the motel room and found a pistol that Cibrian admitted belonged to him. Because he is a convicted felon, Cibrian was arrested and placed in state custody.

On August 24, 2007, a state court sentenced Cibrian to seven years in state prison for aggravated assault stemming from the motel room incident. That same day, the state judge imposed a seven year sentence on Cibrian for an unrelated cocaine prosecution. The state court ordered the two sentences to run concurrently. While serving the state sentences Cibrian was indicted in federal court as a felon in possession of a firearm under 18 U.S.C. §§ 922 (g)(1) and 924 (a)(2) in connection with the weapon found in the motel room. He was thereafter transferred to federal custody on a writ of habeas corpus *ad prosequendum* to face the federal charges.

Cibrian pled guilty to the federal charges. For sentencing purposes, his base offense level was calculated at 24 due to his two prior convictions for violent felonies. He received a four-level increase for using a firearm in connection with the aggravated assault and a three-level decrease for acceptance of responsibility. His resulting total offense level was 25 with a criminal history category of VI. The guideline range for imprisonment was 110 to 137 months.

The statutory maximum for the offense is 120 months. At his sentencing, the government requested a sentence of 110 months to run consecutively to the undischarged state sentences. Cibrian's counsel asked the court to impose a "non-guideline" sentence by ordering both of the undischarged state sentences to run  concurrently with the federal sentence. This prompted the district court to ask a probation officer whether ordering the possession of cocaine sentence to run consecutively to the federal sentence would result in a non-guideline sentence. The probation officer responded that for the sentence to fall within the United States Sentencing Guidelines it should be ordered to run concurrently to the undischarged sentence for aggravated assault under section 5G1.3(b) and concurrently, partially concurrently, or consecutively to the undischarged sentence for cocaine possession under section 5G1.3(c).

The district court imposed a sentence of 115 months on the federal firearms charge and ordered the federal sentence to be served consecutively to the undischarged state prison sentence for cocaine possession. The judge did not reference the aggravated assault sentence when she imposed the sentence. Immediately after the court pronounced sentence, a probation officer present at the hearing asked the court whether she intended to impose a non-guideline sentence, to which the court responded "no." The probation officer, presumably relying on section 5G1.3(b), then told the judge that she was required to run the federal sentence concurrently with the aggravated assault sentence, take into account the amount of time Cibrian had already served in state custody on the aggravated assault charge, and adjust the federal sentence accordingly. The judge responded that she "would be happy to do that" on the aggravated assault sentence.

The subsequent written judgment correctly reflects the 115-month federal sentence ordered to be served consecutively to the cocaine case and concurrently with the aggravated assault sentence. The judgment does not, however, contain language adjusting the federal sentence for time served on the aggravated

assault case. Instead, the judgment notes simply: "[i]t is noted that the defendant was in state custody from August 24, 2007 until September 9, 2008, when he was assumed into federal custody on a writ of habeas corpus *ad prosequendum*."

Cibrian appeals his sentence on two grounds. First, he maintains that his federal sentence is "illegal" or "legally impossible" to fulfill because it requires his federal sentence to run both concurrently and consecutively to two undischarged state sentences ordered to run concurrently. Next, he urges the Court to remand for entry of an amended judgment to reflect the adjustment the district court indicated it would make to his aggravated assault case.

## II. DISCUSSION

### A. Illegal Sentence

#### 1. *Standard of Review*

As to Cibrian's argument that his sentence is illegal, he has not preserved this issue for appeal. "A party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus obviate the need for our review." *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir.1994). Failing to properly object at sentencing waives the defendant's right to full appellate review. *United States v. Krout,* 66 F.3d 1420, 1434 (5th Cir.1995). In such cases, this court will review for only plain error. *Id.*

Here, the record demonstrates that Cibrian did ask the court to run his federal sentence concurrently with his two undischarged prison sentences. But at no time did he argue that failing to impose a concurrent sentence would result in an illegal sentence or give rise to in a sentence that was legally impossible to effectuate. Nor did Cibrian object to the district court's expressed intention, at the close of sentencing, to abide by the probation officer's advice and run the federal sentence concurrent with the aggravated assault conviction and consecutive with the cocaine conviction. Instead, Cibrian's counsel concluded his

sentencing remarks by objecting to the length of the sentence as greater than necessary under 18 U.S.C.§ 3553(a).

Because Cibrian did not alert the court to the error of which he now complains, he effectively deprived the court of an opportunity to address the issue. *Rodriguez,* 15 F.3d at 414 (5th Cir. 1994)*, see also United States v. Sanchez-Hernandez*, No. 08-40902, 2009 WL 3444777 (5th Cir. (Tex.) Oct. 26, 2009), *petition for cert. filed*, (U.S. Jan. 21, 2010) (09-8733) (defendant's request for concurrent sentences "in no manner alerted the district court that the [g]uidelines were being applied impermissibly, [thus] the court was not provided an opportunity to correct its error").[1] Consequently, our review of this ground will be for plain error. *Id.*

To establish plain error, Cibrian must make a showing that: (1) an error occurred, (2) that is clear or obvious, and (3) affected his substantial rights. *United States v Cotton*, 535 U.S. 625, 631-32 (2002); *United States v. Garcia-Mendez,* 420 F.3d 454, 456 (5th Cir. 2005). Upon this showing, an appeals court may exercise its discretion to remedy the error but only "if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 129 S.Ct. 1423, 1429 (2009).

2. *Analysis*

Cibrian claims that the district court erred by imposing an illegal sentence because "it is impossible for the single federal sentence in this case to run both concurrently with and consecutively to the two simultaneous undischarged state sentences."

A sentence may, in fact, be illegal if it is "'ambiguous with respect to the time and manner in which it is to be served, is internally self-contradictory, omits a term required to be imposed by statute, is uncertain as to the substance

---

[1]The court cites to this unpublished opinion not for its precedential value but for its factual similarity to the issue addressed above.

of the statute or is a sentence which the judgment of conviction did not authorize.'" *United States v. Dougherty*, 106 F.3d 1514, 1525 (10th Cir.1997) (quoting *United States v. Wainwright*, 938 F.2d 1096, 1098 (10th Cir. 1991).[2] "Criminal sentences must 'reveal with fair certainty the intent of the court to exclude any serious misapprehensions by those who must execute them.'"*United States v. Garza*, 448 F.3d 294, 302 (5th Cir. 2006) (quoting *United States v. Daugherty*, 269 U.S. 360, 363 (1926)). When a sentence is found to be ambiguous, it should be remanded for clarification in fairness to all concerned. *United States v. Patrick Petroleum*, 703 F.2d 94, 98 (5th Cir.1982). In *Patrick Petroleum*, where the sentencing transcript indicated the court had imposed $10,000 concurrent fines on each count and the maximum allowable fine was $1,000 per count, the case was remanded for clarification and re-sentencing. *Id.*; *see also Garza*, 448 F.3d at 302 (an ambiguity in the court's oral pronouncement, which was not clarified by the record, required remand for re-sentencing); and *United States v. Cole*, 241 Fed. App'x 216, 217 (5th Cir. 2007) (where a district imposed two 240-month sentences on a single count and then totaled the sentence at 365 months, the ambiguous sentence was vacated and remanded for clarification).

Cibrian's contention that his sentence is illegal rests upon his singular argument that his sentence, as imposed, is legally impossible to fulfill. However, he cites no controlling authority for this proposition. Instead, he relies upon a footnote in *United States v. Henry,* 709 F.2d 298, 308 n.16 (5th Cir. 1983), which

---

[2] More broadly defined:

An illegal sentence is one not authorized or directed by law. An illegal sentence is one that does not conform to or exceeds statutory limits, is not based on statutory authority, imposes multiple terms of imprisonment for the same offense, fails to conform to the oral pronouncement of sentence, is ambiguous, or otherwise violates the constitution or the law. Whether a sentence is illegal is determined by interpreting the applicable statute or constitutional provisions. 21 AM. JUR. 2D *Criminal Law* § 764 (2009).

stands for the legal principle that when two sentences cannot co-exist it "makes sense" for the appellate court to vacate both of them on appeal. It is unclear how this case supports Cibrian's argument and, aside from the citation to the *Henry* footnote, Cibrian supplies no further insight. The only other case Cibrian refers us to is *United States v. Contreras-Subias,* 13 F.3d 1341 (9th Cir. 1994), cited in his reply brief. In *Contreras-Subias*, the Ninth Circuit found that a *mistake* in the phrasing of the defendant's plea agreement and in the sentence - contrary to the clear intention of the sentencing judge - resulted in an illegal sentence. *Contreras-Subias,* 13 F.3d at 1344.

Neither *Contreras-Subias* nor *Henry* provide persuasive or binding authority here. For that matter, none of the above-cited cases from the Fifth, Ninth or Tenth Circuits are apposite. Cibrian's sentence is not ambiguous, internally inconsistent, missing an essential statutory term or uncertain as to the substance of the applicable statute. *Dougherty*, 106 F.3d at 1525 (quoting *Wainwright*, 938 F.2d at 1098). As explained below, Cibrian's sentence is fully sanctioned under federal law.

18 U.S.C. § 3584(a) empowers a district court imposing a sentence upon a defendant who is already subject to an undischarged term of imprisonment to exercise its discretion to make the terms run concurrently or consecutively. Such discretion is to be exercised by the court in view of the sentencing factors contained in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3584(b). Section 3553(a), in turn, requires the district court to take into account the applicable sentencing guidelines and their attending policy statements. *See* 18 U.S.C. § 3553(a)(4) & (5). Section 5G1.3(c) of the Sentencing Guidelines, which undisputedly applies to Cibrian's sentence, provides that in cases "involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense." USSG § 5G1.3(c). The corresponding application notes provide district

courts with additional guidance and flexibility in applying section 5G1.3(c) to factually complex cases. Application Note 3 states that in situations where a defendant may be "subject to multiple undischarged terms of imprisonment that seemingly call for the application of different rules," the district court may "exercise its discretion in accordance with subsection (c) to fashion a sentence of appropriate length and structure it to run in *any* appropriate manner to achieve a reasonable punishment for the instant offense." USSG § 5G1.3, cmt. n.3 (D) (emphasis added).

Considered in concert, these sentencing provisions call for the sentencing judge to impose a reasonable sentence and imbue the court with considerable discretion in undertaking its task. Moreover, post-*Booker,*[3] so long as the sentence is imposed within a properly calculated guideline, it is considered presumptively reasonable and is accorded great deference on review. *United States v. Candia*, 454 F.3d 468, 472-73 (5th Cir. 2006) (*citing United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006)).

Here, the district court acted well within the contours of its authority under the foregoing sentencing authority when it imposed a sentence of 115 months to run concurrently to the related undischarged sentence for aggravated assault and consecutively to the unrelated undischarged sentence for cocaine possession. The sentence is within the applicable guideline range (110-120 months) and less than the statutory maximum (120 months). Moreover, the sentence comports with §§ 3584(a) and (b). Lastly, the record reflects that the district court expressly considered the § 3553(a) factors in deciding Cibrian's sentence.[4] Cibrian's sentence is thus presumptively reasonable as a matter of law and is to be accorded great deference by this Court on review.

---

[3]*United States v. Booker,* 543 U.S. 220, 268 (2005).

[4] The judge stated: "I should say also that I used the sentencing factors of 3553(a), and in my opinion I should have given [Cibrian] at least 120 months, but I recognized... [defense counsel's] argument about acceptance of responsibility." Tr. at 16.

Against this backdrop of legal authority, Cibrian's claim that the district court's sentence constituted error, plain or otherwise, must fail. As discussed, Cibrian's sentence is entirely lawful. His contention that the sentence is "impossible" to fulfill stems not from an inherent flaw on the face of the court's sentencing papers, as in the above-cited cases, but from the very practical problems that arise in carrying out overlapping state and federal sentences in a dual sovereignty. In other words, the real problem driving Cibrian's claim is not the lawfulness of the sentence as imposed but with the fact that it seemingly overrides the state court's order that the two state sentences run concurrently. As addressed below, this happenstance does not render the sentence illegal.

State and federal governments "may each impose a sentence upon a defendant based on the commission of a single act constituting offenses under both state and federal law." *United States v. Shillingford*, 586 F.2d 372, 375 (5th Cir. 1978); *Heath v. Alabama*, 474 U.S. 82, 88-93 (1985). The fact that the resulting sentences may conflict is a well-recognized by-product of contemporaneous jurisdiction. *See* Alexander Bunin, *Time and Again: Concurrent and Consecutive Sentences Among State and Federal Jurisdictions*, Champion, March 21, 1997, at 34; *see also McCarthy v. Doe*, 146 F.3d 118, 120 (2d Cir. 1998). Still, certain principles have developed to minimize jurisdictional discord. For example, which sovereign proceeds first is normally, but not always, dictated by which of them has "primary jurisdiction" over the defendant. Primary jurisdiction, in turn, usually depends upon which sovereign is the first to attain custody.[5]

---

[5] As one commentator explained it:
The court that gains custody of a defendant first …enjoys 'primary jurisdiction' over the defendant. When a state court with primary jurisdiction has custody of a defendant, a federal court may 'borrow' the defendant from the state court on a writ of habeas corpus *ad prosequendum*. At that point, the federal court has present custody of, but not primary jurisdiction over, the defendant. Consequently, the federal court lacks jurisdiction to interfere with a state sentence because the state acquires primary jurisdiction for trial, sentencing

Other rules for addressing state/federal sentencing clashes have developed through the federal case law. These cases, not surprisingly, often favor the federal courts. Goffette, *supra*, at 1059. For example, even though a state court may order its sentence to run concurrently with a federal sentence in a related case, the federal court is not bound by the state court's order. *Leal v. Tombone*, 341 F.3d 427, 429 n.13 (5th Cir. 2003). Instead, federal courts consider "concurrent sentences imposed by state judges [to be] nothing more than recommendations to federal officials." *Id*. The federal court is "free to turn those concurrent sentences into consecutive sentences by refusing to accept the [state] prisoner until completion of the state sentence." *Id*.

Lastly, and not to be discounted in the maze[6] of authority affecting multi-jurisdictional sentencing, is the power of the Bureau of Prisons (BOP) by way of the Attorney General. The BOP - as opposed to the federal courts - is the entity authorized to determine *where* a federal sentence will be served*, when* it begins, and, in certain respects, *how long* it will last. 18 U.S.C. § 3621; *see United States v. Wilson*, 503 U.S. 329, 337 (1992) (Attorney General, through the BOP, computes the amount of § 3585(b) credit after the defendant has begun to serve his sentence); *United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("credit

---

> and incarceration. ... The state sentence is served first because the state has primary custody of the defendant...

Erin E. Goffette, *Sovereignty in Sentencing: Concurrent and Consecutive Sentencing of a Defendant Subject to Simultaneous State and Federal Jurisdiction*, 37 Val. U. L. Rev. 1035, 1055-56 (2003).

[6]Succinctly summing up the problem created by multi-jurisdictional sentencing, one court observed:

> [t]he statutory scheme involving concurrent versus consecutive [s]tate and [f]ederal sentences, credit for time served, and the authority of the Courts, versus the authority of the BOP, in making those decisions, has been described as a "labyrinth," which even the BOP considers as "probably the single most confusing and least understood sentencing issue in the Federal system."

*United States v. Smith*, 101 F. Supp.2d 332, 334, 347 (W.D. Pa. 2000)).

awards are to be made by the Attorney General, through the Bureau of Prisons, after sentencing"); Goffette, *supra*, at 1057-59 (citing *McCarthy v. Doe*, 146 F.3d 118 (2d Cir. 1998) and *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992)). For instance, the BOP may refuse to accept a state prisoner into federal custody until the state sentence is fully discharged. This refusal could operate to increase the expected length of the state-imposed sentence if the state court ordered it to run concurrently with the federal sentence. *Id.* at 1057-58*; see, e.g., Leal*, 341 F.3d at 428-29; *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991). Suffice it to say that the complexities of sentencing sequences in our dual sovereignty are well-known throughout our circuits and the resulting conflicts between state and federal courts well-documented in the case law. How this bears upon Cibrian's case is discussed next.

As it stands, the state court has primary jurisdiction over Cibrian. Barring any accord between the state and federal authorities,[7] he will remain in state custody until his two state sentences are discharged.[8] Assuming Cibrian remains in state custody until his state sentences are discharged, he will be delivered to federal custody with no "undischarged" state sentences to serve. *United States v. Labeille-Soto*, 163 F.3d 9398 (2d Cir.1998) (once a state sentence is fully discharged, it cannot be made to run concurrently with another sentence). As a practical matter, this nullifies the federal court's order that Cibrian's federal firearms sentence run concurrently with his state aggravated assault conviction. This eventuality, however, does not render the federal sentence illegal as argued

---

[7] *See* Sadowski, *supra*, at 49 (listing the "several ways in which the [BOP] may 'accept' a prisoner in primary state custody."). Moreover, as mentioned above, one jurisdiction can relinquish custody over a mutually sought-after defendant. *Id.* at 48. These contingencies presume agreement between the sovereigns.

[8] Absent agreement, federal courts cannot compel state courts to surrender primary jurisdiction over a mutually sought-after defendant. *United States v. Warren*, 610 F.2d 680, 684 (9th Cir. 1980). Nor can their state counterparts exercise such authority when the roles are reversed. *Leal*, 341 F.3d at 429 n.13.

by Cibrian. There is no inherent flaw in the federal sentence. The irreconcilability of Cibrian's federal and state sentences is a well-documented practicality of our system of contemporaneous jurisdiction. In this instance, the federal sentence is partially foiled, in other cases, it is the state sentence that suffers the intrusion. In no case cited by Cibrian or found by us is the resulting sentence rendered illegal.[9] Cibrian, therefore, has failed to establish, any error, plain or otherwise, committed by the district court in imposing sentence.

B. Conflicting Oral Pronouncement and Written Sentence

Cibrian's second argument is that his sentence should be vacated because the district court's written judgment conflicts with its oral pronouncement at sentencing. (Cibrian's Br. 18-21.) He claims that the district court orally agreed to adjust his sentence for time served, but its written judgment did not reflect the adjustment.

During its formal pronouncement of sentence, the district court stated that Cibrian was to be imprisoned for 115 months to be served consecutively to his prior sentence for cocaine possession.[10] A probation officer present at the hearing asked the court if it had intended to impose a "non-guideline sentence" to which the court responded "no." The officer proceeded to erroneously instruct the court, presumably under § 5G1.3(b)[11], that it was required to take into account the amount of time Cibrian had already served in state custody on the aggravated assault charge and adjust the federal sentence accordingly. The court responded that it "would be happy to do that" as to the aggravated assault sentence. The

---

[9] We are well aware of the circuit split over the authority of a federal court to order its sentence to run consecutively with a yet-to-be imposed state sentence. Our analysis does not concern that eventuality. *See United States v. Quintana-Gomez,* 521 F.3d 495, 497 n. 2 (5th Cir. 2008) *(citing United States v. Brown*, 920 F.2d 1212, 1217 (5th Cir. 1991)).

[10]The judge did not allude to the state aggravated assault case.

[11]The probation officer's suggestion that § 5G1.3(b) applied to the sentencing decision was incorrect. Because different rules apply to each of Cibrian's two undischarged sentences, § 5G1.3 © and Application Note 3 apply to the entire sentencing decision.

subsequently entered written judgment reflected the imposition of the 115-month federal sentence, that it was to run concurrently with the state aggravated assault case and consecutively with the cocaine possession case, but was devoid of any mention of the adjustment.

In situations where there is a clear conflict between the court's written judgment and the oral pronouncement of sentence, the oral pronouncement controls. *United States v. De La Pena-Juarez*, 214 F.3d 594, 601 (5th Cir. 2000). However, when there is simply ambiguity between the two, this Court must review the record to ascertain the district court's intent. *Id.* The district court's intention is what determines the final sentence. *Id.* Here, there is an ambiguity rather than a clear conflict between the formal pronouncement and its written counterpart. The district court made no reference to a sentence adjustment during its pronouncement of sentence. Nor is it alluded to in the judgment. It was not until after the court had announced its sentence that the probation officer mistakenly advised the court that it had to comply with section 5G1.3(b) to sentence within the Sentencing Guidelines and the court agreed to make the adjustment.

A brief review of the record readily resolves the ambiguity. As an initial observation, it is evident from the sentencing record that the district court intended to impose a sentence within the Sentencing Guidelines. After the oral pronouncement of sentence, a probation officer asked the court whether it intended to "impose a non-guideline sentence" to which it plainly replied "no." The sentencing record is also quite clear that the district court's agreement, post-sentencing, to make an adjustment for time served was based upon its reliance on erroneous advice suggesting that section 5G1.3(b) was the applicable Sentencing Guideline under these circumstances.

As discussed above, section 5G1.3(c) of the Sentencing Guidelines applies to Cibrian's sentence. Furthermore, under the amended version of section

13

5G1.3(c), the court could *not* adjust Cibrian's sentence without making a downward departure. A 2003 amendment to the section 5G1.3(c) Application Notes precludes a sentence adjustment for time served on a related undischarged sentence. The amended Application Notes provide that a sentencing court may only make an adjustment via a downward departure in "extraordinary cases." USSG § 5G1.3, cmt. n. 3. There is no indication that the district court considered Cibrian's case one of the few "extraordinary" cases calling for such treatment. Moreover, the court's comments on the record make abundantly clear that it did not want to downwardly depart in Cibrian's case. In sum, the district court's intent to sentence Cibrian precisely as the written judgment reflects is clear from the record. His second ground for relief has no merit.

### III.  CONCLUSION

For the reasons set out above, we find that the district court properly exercised its discretion in accordance with section 5G1.3(c) of the Sentencing Guidelines and that the written judgment reflects the district court's true intent in sentencing. Accordingly, the judgment of the district court is AFFIRMED in its entirety.       _____